PEOPLE v WINGO

Docket No. 78-4994. Submitted November 14, 1979, at Lansing.—
Decided January 22, 1980. Leave to appeal applied for.

Cletus T. Wingo, an inmate at Jackson State Prison, was con-
victed of assaulting a prison guard, Jackson Circuit Court,
Russell E. Noble, J. Defendant appeals. On appeal defendant
contends the escape and assault statute applies to jails and not
to assaults on prison guards and that the statute violates the
title-object clause of the Michigan Constitution. *Held:*

1. The escape and assault statute provides that "a person
lawfully imprisoned in a jail, other place of confinement estab-
lished by law for any term, or lawfully imprisoned for any
purpose at any other place" who assaults an employee is guilty
of a felony. This statute applies not only to jails, as defendant
contends, but also to state prisons which are "places of confine-
ment established by law for any term".

2. Defendant's contention that the statute under which he
was convicted violates the title-object clause of the Michigan
Constitution is unpersuasive. A court is not bound by the
chapter title or section caption of a statute but by the title of
the particular act. The escape and assault statute does not
embrace an object that is not expressed in the title of the act,
therefore, there is no constitutional violation of the title-object
rule. The fact that the statute defines more than one crime,
prison assault and prison breaking, does not mean that this
section contains more than one object. The Legislature is free
to amend a statute by including any new legislation that is
germane, auxiliary or incidental to the statute.

Affirmed.

1. STATUTES — CONSTRUCTION — LEGISLATIVE INTENT — JUDICIAL
INTERPRETATION.

Courts are obliged to follow the manifest intent of the Legislature
and where the Legislature makes its intent known in the clear,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes § 194.
[3] 73 Am Jur 2d, Statutes §§ 119-121.
[4] 73 Am Jur 2d, Statutes § 130.

explicit language of a statute, judicial interpretation of the statute is unnecessary and the statute will be applied as written.

2. Statutes — Prisons — Jails — Prison Employees — Assault and Battery — Legislative Intent — Judicial Interpretation.

The legislative intent, expressed in a statute which provides that a person lawfully imprisoned in a jail or other place of confinement established by law for any term who assaults an employee of the place of confinement is guilty of a felony, is clear; the statute applies not only to jails but also to state prisons which are places "of confinement established by law for any term" (MCL 750.197c; MSA 28.394[3]).

3. Constitutional Law — Statutes — Single Object.

The purpose of the constitutional provision that no law shall embrace more than one object, which shall be expressed in its title, is to prevent the Legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in nature and having no necessary connection; in determining whether there has been a constitutional violation a court is not bound by the chapter title nor the section caption of the statute but by the title of the particular act and there is no violation where the legislation does not embrace an object that is not expressed in the title to the act (Const 1963, art 4, § 24).

4. Statutes — Constitutional Law — Criminal Law — Single Object — Amendments — New Legislation.

A statute may define more than one crime without violating the constitutional prohibition against a law containing more than one object because the Legislature is free to amend a statute by including any new legislation that is germane, auxiliary or incidental to the statute.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

Before: T. M. BURNS, P.J., and CYNAR and A. M. BACH,* JJ.

T. M. BURNS, P.J. Defendant-appellant Cletus Tyrone Wingo appeals of right his August 1, 1978, jury conviction of assaulting a prison employee. MCL 750.197c; MSA 28.394(3). On August 17, 1978, defendant was sentenced to a term of two years, eight months to four years imprisonment to be served consecutively with the sentence that defendant was serving at the time of the assault. We affirm.

We reject defendant's argument that MCL 750.197c; MSA 28.394(3), does not apply to assaults on prison guards. In pertinent part, that statute provides:

"A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place * * * for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian * * * is guilty of a felony."

In construing statutes of this state, this Court must follow the manifest intent of the Legislature. MCL 8.3; MSA 2.212. On numerous occasions in the past this Court has held that where the Legislature makes its intent known in the clear, explicit and unambiguous language of a statute, judicial interpretation of the statute is unnecessary and the statute will be applied as written.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*Cronin v Minster Press,* 56 Mich App 471; 224 NW2d 336 (1974), *Busha v Dep't of State Highways,* 51 Mich App 397; 215 NW2d 567 (1973), *Lake Twp v Sytsma,* 21 Mich App 210; 175 NW2d 337 (1970). See also, *General Motors Corp v Erves (On Rehearing),* 399 Mich 241; 249 NW2d 41 (1976).

It is our opinion that this statute applies not only to jails, as defendant contends, but also to state prisons, which are places "of confinement established by law for any term".

Defendant also argues that even if the statute was properly applied to him that his conviction under it must be reversed because the statute violates the title-object clause of the Michigan Constitution. Const 1963, art 4, § 24. We have considered defendant's argument and we are not persuaded by it. In *People v Carey,* 382 Mich 285, 296; 170 NW2d 145 (1969), the Supreme Court discussed the predecessor version of Article 4, § 24[1] and found that its purpose:

"was to prevent the legislature from passing laws not fully understood and to avoid bringing into one bill subjects diverse in their nature and having no necessary connection. It was intended that the legislature, in passing law, should be fairly notified of its design and that the legislature and public might understand from the title that only provisions germane to the expressed object would be enacted."

Defendant contends that the statute under which he was prosecuted must be examined in light of the title of the penal code chapter in which it is found. Section 197c of the Michigan Penal Code is found in Chapter XXXII of the code, which is entitled, "Escapes, Rescues, Jail and

[1] See Const 1908, art 5, § 21.

Prison Breaking". However, it is neither to the chapter title nor to the section caption on this statute, "Jail or other place of confinement; assault of employee or custodian, or break and escape, penalty" that we look to determine whether this statute violates the Michigan Constitution.[2] Rather, the "title" to which Const 1963, art 4, § 24, applies is the title to the Michigan Penal Code. *People v Ferguson,* 60 Mich App 302, 306; 230 NW2d 406 (1975), *lv den* 396 Mich 857 (1976). The title to the Michigan Penal Code reads:

"AN ACT to revise, consolidate, codify and add to the statutes relating to crimes; to define crimes and prescribe the penalties therefore; to provide for the competency of evidence at the trial of persons accused of crime; to provide immunity from prosecution for certain witnesses appearing at such trials; and to repeal certain acts and parts of acts inconsistent with or contravening any of the provisions of this act."

Section 197c of the penal code does not embrace an object that is not expressed in this title.

We also hold that the statute does not contain more than one object. This section of the penal code proscribes the "use of violence, threats of violence or dangerous weapons" to knowingly assault a prison employee, to break the place of confinement and escape, or to break the place of confinement although escape is not actually made. The fact that this statute defines more than one crime, prison assault and prison breakings, does not mean that this section contains more than one

[2] MCL 8.4b; MSA 2.215 provides: "The catch line heading of any section of the statutes that follows the act section number shall in no way be deemed to be a part of the section or the statute, or be used to construe the section more broadly or narrowly than the text of the section would indicate, but shall be deemed to be inserted for purposes of convenience to persons using publications of the statutes."

object. The Legislature is free to amend a statute by including any new legislation that is "germane, auxiliary or incidental" to that statute. *People v Milton,* 393 Mich 234, 241; 224 NW2d 266 (1974), *Detroit Board of Street Railway Commissioners v Wayne County,* 18 Mich App 614; 171 NW2d 669 (1969).

Affirmed.