PEOPLE v BOYD

Docket No. 51269. Submitted October 6, 1980, at Escanaba.—Decided
November 21, 1980. Leave to appeal applied for.

Ancel Boyd was charged in Marquette Circuit Court with assault-
ing a prison employee. Preliminary examination testimony
established that defendant, a prisoner at Marquette Branch
State Prison, threw a container of liquid, probably urine, in the
face of a guard. The court, John E. McDonald, J., granted a
motion to dismiss and the people appeal. *Held:*

1. The trial court erroneously held that the statute required
proof that the defendant was attempting to escape at the time
the assault occurred. The statute making an assault on a prison
employee by an inmate a felony does not require proof that the
assault was made during an attempt to escape.

2. The throwing of liquid, alleged to be urine, into the face of
another constitutes the use of violence.

3. The statute making an assault on a prison employee by an
inmate a felony applies to simple as well as aggravated as-
saults.

Reversed and remanded.

1. Statutes — Judicial Construction — Legislative Intent.

The object of statutory construction is to give effect to the
legislative intent.

2. Assault and Battery — Inmates — Statutes.

The statute making an assault on a prison employee by an
inmate a felony does not require proof that the assault was
made during an attempt to escape (MCL 750.197c; MSA
28.394[3]).

3. Criminal Law — Words and Phrases — "Violence".

The throwing of liquid, alleged to be urine, into the face of
another constitutes the use of violence.

References for Points in Headnotes
[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2, 4] 6 Am Jur 2d, Assault §§ 3, 49.
[3] 6 Am Jur 2d, Assault and Battery §§ 3, 48.

4. Assault and Battery — Inmates — Statutes.

The statute making an assault on a prison employee by an inmate a felony applies to simple as well as aggravated assaults (MCL 750.197c; MSA 28.394[3]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gary L. Walker,* Prosecuting Attorney, for the people.

*Priscilla S. Burnham,* for defendant.

Before: J. H. Gillis, P.J., and Bashara and Cynar, JJ.

Per Curiam. Defendant was charged with assaulting a prison employee, MCL 750.197c; MSA 28.394(3). At the preliminary examination, it was established that the defendant, a prisoner at Marquette Branch State Prison, threw a container of liquid, probably urine, in the face of a guard. Defendant was bound over for trial by the examining magistrate.

Defendant filed a motion to dismiss the charge prior to trial. The trial court granted the motion and the prosecutor appeals.

The prosecutor asserts the trial court erred in holding that the statute requires proof that the defendant was attempting an escape at the time the assault occurred.[1] Interpretation of the statute is necessary in order to resolve the issue. It states:

"A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place,

---

[1] The trial court held that the statute was not violated in this case while declining to state the circumstances under which the statute would be applicable. However, it appears from reading the entire opinion that the court based its decision on its belief that a prison escape must be attempted at the time of the assault in order to charge the defendant under this statute.

including but not limited to hospitals and other health care facilities or awaiting examination, trial, arraignment, sentence, or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, through the use of violence, threats of violence or dangerous weapons, *assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or* breaks the place of confinement and escapes, or breaks the place of confinement although an escape is not actually made, is guilty of a felony." MCL 750.197c; MSA 28.394(3). (Emphasis added.)

The object of statutory construction is to discover and give effect to the legislative intent. *Smith v City Comm of Grand Rapids,* 281 Mich 235, 240; 274 NW 776 (1937). The legislative history of a statute is instructive in making such a determination. *People v Hall,* 391 Mich 175, 191; 215 NW2d 166 (1974), *Kizer v Livingston County Board of Comm'rs,* 38 Mich App 239, 247; 195 NW2d 884 (1972).

The emphasized portion of the statute was added by 1976 PA 188, formerly House Bill 5117. The two House staff analyses of the bill, which are nearly identical, state that the Legislature felt there were two deficiencies in the previous statute (1931 PA 59, § 1). First, the place of imprisonment appeared to be limited to jails and prisons. The Legislature determined that escapes from other places of legal confinement, such as mental hospitals, should also be included in the felony statute. The trial court noted the following excerpt from the analyses in its opinion:

"The bill would provide that a prisoner who knowingly assaults an employee of a place of confinement or

other custodian while escaping or attempting to escape from lawful imprisonment, including lawful imprisonment at a hospital, other health care facility, or any other place, would be guilty of a felony. The bill would take effect on January 1, 1977."

We believe that the above language was directed toward the place of confinement problem and was not addressing the other stated purpose of the amendment, *i.e.,* elevation of assaults on prison guards to felonies. Support for this interpretation of the analyses is found by reading the documents as a whole. The following statement, apparently not considered by the trial court, is also found in the analyses:

"In addition, many persons believe that corrections staff are not now adequately protected from prisoner assault by the law. Such an assault is at present a misdemeanor. Many persons believe that such an assault upon a corrections employee or custodian should also be punishable as a felony."

We take due note that this statement does not refer to escapes.

Further support for the prosecutor's argument that a prisoner can be charged under the statute for assaulting a prison guard without attempting to escape is found in the plain language of the law. Reading the statute in the disjunctive, it is clear that assaults *or* prison breaks *or* attempted prison breaks are prohibited. Had the Legislature wanted the assault charge to be conditioned on an attempted or successful prison break, it would have used the word "and" instead of "or".

Finally, we believe the fact that the Legislature amended the statute to add the assault language is an indication that it intended to elevate the crime of assault of a prison guard to felony status. Any

other reading of the statute would render that portion of the amendment nugatory, contrary to the rule that every part of the act should be given full effect, if possible. *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948), *General Motors Corp v Erves,* 395 Mich 604, 617; 236 NW2d 432 (1975).

Therefore, we conclude that a prisoner who assaults a prison employee may be charged with a felony under 1976 PA 188, even though he was not attempting to escape at the time of the assault. See *People v Wingo,* 95 Mich App 101, 103; 290 NW2d 93 (1980).

Defendant argues that even if an assault without an escape attempt is prohibited under this statute, the requisite use of violence or dangerous weapons was not established, requiring affirmance of the dismissal.

We agree with defendant's contention that the phrase "through the use of violence, threats of violence or dangerous weapons" applies to assaults as well as prison escapes. Where we part company is in the definition of the word "violence", and its application to the facts of this case.

Webster defines "violent" as follows:

"(a) acting with or characterized by great physical force, so as to injure, damage or destroy (b) acting or characterized by force unlawfully or callously used * * *." Webster's New World Dictionary (2d ed) (1976), p 1586.

CJI 17:2:03 adds further light to the meaning of violence in assaults:

"As used in these instructions, the words "force and violence" mean any wrongful application of physical force against another person so as to harm or embarrass him."

It is our opinion that the throwing of liquid, alleged to be urine, into the face of another person constitutes the use of "violence", thereby satisfying the requirements of the statute.

Defendant argues that the Legislature could not have intended that simple assault and battery would be made a felony by 1976 PA 188. We disagree.

The stated purpose of the amendment as expressed in the analyses is to elevate misdemeanant assaults to the status of felonies in order to deter assaults of prison guards. There are only two misdemeanant assault statutes in Michigan, MCL 750.81; MSA 28.276, and MCL 750.81(a); MSA 28.276(1), which state:

"Sec. 81. Assault and assault and battery—Any person who shall be convicted of an assault or an assault and battery where no other punishment is prescribed shall be guilty of a misdemeanor."

"Sec. 81a. Any person who shall assault another without any weapon and inflict serious or aggravated injury upon the person of another without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a misdemeanor, punishable by imprisonment in the county jail or the state prison for a period of not more than 1 year, or fine of $500.00, or both."

All of the other assault statutes are enumerated felonies.

Keeping in mind the legislative intent and the plain language of the statute, we see no reason to limit the statute to aggravated assaults. Had the Legislature wished to restrict the statute in such a manner, it could have easily done so.

Reversed and remanded for trial.