PEOPLE v PITSAROFF

Docket No. 46983. Submitted June 11, 1980, at Lansing.—Decided
    December 2, 1980. Leave to appeal applied for.

Thomas J. Pitsaroff was convicted, on his plea of guilty, of
    conspiracy to bring controlled substances into prison, Jackson
    Circuit Court, Russell E. Noble, J. Defendant appeals, alleging
    that the trial court erred by denying a motion to dismiss based
    upon an alleged violation of the rule requiring proceedings on
    an untried charge to be instituted against an inmate within 180
    days of the requisite notice to the prosecutor. *Held:*
        The 180-day rule applies unless it is shown that the delay
    was caused by the defendant. The burden of so showing is on
    the prosecution. The prosecution did not meet its burden of
    showing that the delay in this case was attributable to the
    defendant. Therefore, the 180-day rule applies.
        Reversed.

CRIMINAL LAW — INMATES — UNTRIED CHARGES — DELAY — BURDEN
    OF PROOF — STATUTES.

An inmate against whom there is an untried warrant, indict-
    ment, information or complaint must be proceeded against
    within 180 days after the prosecutor receives requisite notice
    from the Department of Corrections or the court loses jurisdic-
    tion to try the case, unless the delay is attributable to the
    defendant; the burden of showing that such a delay is caused
    by a defendant is on the prosecution (MCL 780.131; MSA
    28.969[1]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Edward J. Grant,*
Prosecuting Attorney, and *John L. Wildeboer,*
Chief Appellate Attorney, for the people.

*Terence R. Flanagan,* Assistant State Appellate
Defender, for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law § 255.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

BEASLEY, J. Defendant, Thomas J. Pitsaroff, pled guilty to a charge of conspiracy to bring controlled substances into the state prison at Jackson in violation of MCL 750.157(a), 800.281; MSA 28.354(1), 28.1621. Defendant was sentenced to not less than six months nor more than five years in prison, which sentence was to be served consecutively with one that he was serving at the time of this offense. Defendant appeals as of right. For reasons hereinafter recited, we reverse.

The sole issue on appeal is defendant's claim that the trial court erred in denying his motion to dismiss based upon alleged violation of the so-called 180-day rule, MCL 780.131; MSA 28.969(1).

The record indicates that on May 26, 1978, defendant and a codefendant, Patricia Jones, were arraigned in district court on a complaint and warrant bearing the same date on a charge of conspiring to unlawfully bring marijuana into Jackson Prison. Counsel was appointed for defendant and then defendant's request for adjournment was granted for the purpose of substituting private counsel, which was done.

On June 21, 1978, defendant, with private counsel, waived preliminary examination and was bound over to the circuit court, after indicating on the record that he would plead guilty at the circuit court arraignment, as follows:

"MR. RAY: [Prosecutor] Your Honor, at this time the People understand Mr. Pitsaroff wishes to waive his Preliminary Examination. In return for this, the People agreed to supply a copy of the police report. Mr. Pitsaroff, pursuant to our conversation, wishes to plead

---

* Circuit judge, sitting on the Court of Appeals by assignment.

guilty at arraignment. In return for that, the People have agreed not to supplement him.

"THE COURT: Okay, is that your agreement, Mr. Dean?

"MR. DEAN: *[Counsel for defendant] That is my understanding, your Honor. It's also my understanding they would supply us with other reports as well as the police report.*"

On July 11, 1978, defendant was arraigned in circuit court, stood mute by counsel, and a plea of not guilty was entered on his behalf. On January 10, 1979, defendant made a written request to the county clerk for "a fast and speedy trial".

The record does not show anything further happening until April 19, 1979, when defendant filed a motion to dismiss the case, reduce the charges and enforce the plea bargain. One prong of the motion was to dismiss by virtue of the 180-day rule. The record is silent as to why the plea agreement was not carried out.

After oral argument, the motions were denied, and the case set down for trial on May 16, 1979. On May 16, 1979, defendant pled guilty as charged, during which hearing reference was made to the plea agreement in district court. On June 27, 1979, defendant was sentenced to not less than six months nor more than five years in prison.

On appeal defendant argues that this case depends upon whether we adopt the interpretation placed upon the 180-day statute in the 1968 case of *People v Loney,*[1] or the 1980 case of *People v Moore.*[2]

While we are inclined to agree with the interpretation articulated in *People v Moore,* neverthe-

[1] 12 Mich App 288, 292; 162 NW2d 832 (1968).

[2] 96 Mich App 754; 293 NW2d 700 (1980).

less, the 180-day rule would not apply if defendant was responsible for the delay. *E.g.,* if defendant entered into a plea agreement and then delayed carrying it out, that period would not count in computation of the 180 days. *People v Moore* does not alter application of the principle that delay caused by a defendant prevents running of the 180-day rule.

However, the burden was on the prosecution to show that the delay was caused by defendant.[3] The prosecution has not met that burden. Mere reference in district court to a proposed plea agreement is not sufficient to stop application of the 180-day rule for nearly a year.

For the reason that the prosecution did not meet its burden of proof to show that defendant caused the delay, if indeed that was the fact, we reverse[4] and grant defendant's motion to dismiss for failure to comply with the statutory 180-day rule.

Reversed.

[3] *People v Hill,* 402 Mich 272, 282; 262 NW2d 641 (1978), *People v Wright,* 89 Mich App 244, 250; 280 NW2d 836 (1979).

[4] In some situations we might remand for an evidentiary hearing. Under the circumstances of this case, we do not choose to do so.