PEOPLE v BELLAFANT

Docket No. 48816. Submitted November 18, 1980, at Grand Rapids.—
    Decided April 23, 1981.

    Benjamin L. Bellafant was convicted of assaulting a prison em-
    ployee, Marquette Circuit Court, Edward A. Quinnell, J. Defen-
    dant appeals, alleging several errors. *Held:*

        1. Defendant's conviction and sentence, after he had already
    been required to forfeit earned good time because of the same
    assault, does not violate the prohibition against double jeop-
    ardy.

        2. The statute prohibiting assaults by prisoners upon prison
    employees does not violate the title-object clause of the Michi-
    gan Constitution.

        3. The statute does not apply only to assaults made during an
    attempt to escape from prison. It clearly applies to other
    assaults upon prison employees as well.

        4. The defendant was not required to be present at an in-
    chambers presentencing conference. Such a conference is not a
    crucial step in the criminal process.

        Affirmed.

        T. M. BURNS, J., concurred in the decision with the exception
    that he would hold that error occurred when the defendant was
    excluded from the presentencing conference. He would hold
    that, in the absence of a waiver on the record by the defendant
    of his right to be present at the conference between defense
    counsel and the sentencing judge, the case should be remanded
    for resentencing.

OPINION OF THE COURT

1. ASSAULT AND BATTERY — PRISONERS — DOUBLE JEOPARDY.

    A prisoner who is convicted of assaulting a prison employee and

REFERENCES FOR POINTS IN HEADNOTES
[1] [No Reference].
[2] 73 Am Jur 2d, Statutes § 99.
[3] 73 Am Jur 2d, Statutes §§ 145, 146.
[4] [No.Reference].
[5, 6] 21 Am Jur 2d, Criminal Law §§ 303, 530.

has been sentenced on that conviction and who, because of that assault, has been required by prison officials to forfeit his earned good time is not thereby subjected to double jeopardy.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — ASSAULT AND BATTERY — STATUTES.

The statute prohibiting assaults by prisoners upon prison employees does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 750.197c; MSA 28.394[3]).

3. APPEAL — STATUTES — JUDICIAL CONSTRUCTION.

The Court of Appeals must enforce the intent of the Legislature where the Legislature has made that intent known through the clear and explicit language of a statute.

4. ASSAULT AND BATTERY — PRISONERS — STATUTES.

The statute prohibiting assaults by prisoners upon prison employees applies to any such assault, not merely to assaults made during an attempt to escape from prison (MCL 750.197c; MSA 28.394[3]).

5. CRIMINAL LAW — SENTENCING — PRESENTENCING CONFERENCE.

A criminal defendant who was given the right of allocution prior to sentencing need not have been present at an in-chambers presentencing conference because such a conference is not a crucial stage in the criminal proceedings.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY T. M. BURNS, J.

6. CRIMINAL LAW — SENTENCING — PRESENTENCING CONFERENCE.

*A defendant has a right to be present at a presentencing conference in order to preserve his right to allocution; where defense counsel wishes to speak privately with a sentencing judge the defendant should waive on the record his right to be present at the conference prior to the time the conference is held.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gary L. Walker,* Prosecuting Attorney (by *Leonard J. Malinowski,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Derrick A. Carter,* Assistant State Appellate Defender, for defendant on appeal.

Before: MacKenzie, P.J., and T. M. Burns and Bashara, JJ.

Per Curiam. Defendant appeals as of right his June 18, 1979, bench trial conviction of assaulting a prison employee. MCL 750.197c; MSA 28.394(3). On August 31, 1979, defendant was sentenced to a term of nine months to four years imprisonment, this sentence to be served consecutively to the one that he was serving at the time of the assault.

Defendant first argues that his conviction violates double jeopardy because he had already been required to forfeit earned good time as a result of the same assault. Prior panels of this Court have considered this issue and found it to be lacking in merit. *Pfefferle v Corrections Comm,* 86 Mich App 366, 373; 272 NW2d 563 (1976), *People v Bachman,* 50 Mich App 682; 213 NW2d 800 (1973), *lv den* 392 Mich 776 (1974).

Similarly, we reject defendant's argument that the statute under which he was convicted violates the title-object clause of the Michigan Constitution. Const 1963, art 4, § 24. This Court considered this argument in *People v Wingo,* 95 Mich App 101, 105; 290 NW2d 93 (1980), and found that "Section 197c of the penal code does not embrace an object that is not expressed in * * * [its] title".

We have considered defendant's contention that the prison assault statute applies only to assaults that are made during an attempt to escape from prison. However, we are not persuaded by this argument. The clear language of the statute unambiguously expresses a legislative intention contrary to defendant's argument. *People v Boyd,* 102 Mich App 112; 300 NW2d 760 (1980). Where the Legislature makes its intent known through the clear and explicit language of a statute, this Court

must enforce that intent. *Cronin v Minster Press,* 56 Mich App 471; 224 NW2d 336 (1974).

We also disagree with defendant's contention that he is entitled to resentencing because he was not present at an in-chambers sentencing conference.

We do not find the in-chambers conference to be a crucial step in the criminal process requiring defendant's presence. The record reveals that the defendant was given the right of allocution prior to the imposition of sentence. Therefore, we find no error. *People v Briggs,* 94 Mich App 723, 727; 290 NW2d 66 (1980), *People v Worden,* 91 Mich App 666; 284 NW2d 159 (1979).

Affirmed.


T. M. BURNS, J. *(dissenting in part and concurring in part).* I agree that defendant's conviction of assaulting a prison employee contrary to MCL 750.197c; MSA 28.394(3) should be affirmed. However, I agree with defendant that error occurred when a sentencing conference was held in the chambers of the judge without him. See *People v McIntosh,* 101 Mich App 422, 423; 300 NW2d 584 (1980) (T. M. BURNS, J., dissenting).

The right of a defendant to allocute at sentencing is protected by GCR 1963, 785.8(2). However, this right means nothing unless a defendant can respond with particularity to all factors taken into account by the judge when determining an appropriate sentence. Where a defendant is denied the opportunity to be present at a sentencing conference such as the instant one, that defendant cannot be expected to be aware of all considerations that went into the determination of his sentence, nor can he be expected to adequately refute any

inaccurate information that may have arisen during the in-chambers conference.

The better procedure to follow when a defendant's attorney wishes to speak privately with a sentencing judge is to have the defendant waive on the record his right to be present at the sentencing discussion prior to the time that it is held. Because no such waiver was made in this case, and because the record does not reflect that defendant was ever apprised of what was said at the in-chambers conference, I believe that we must remand for resentencing.