PEOPLE v JOHNSON

Docket No. 54842. Submitted February 2, 1982, at Lansing.—Decided
    April 23, 1982.

Richard L. Johnson was convicted in Jackson Circuit Court,
    James G. Fleming, J., of assaulting an employee of a place of
    confinement and being an habitual offender and was sentenced
    to a prison term of from six to eight years, said sentence to be
    served consecutively to the sentence he was then serving.
    Defendant appeals. *Held:*

1. The statute under which defendant was convicted is·valid.
    The statute encompasses any assault by a prisoner upon a
    prison employee, not only assaults made during an attempt to
    escape from prison. The use of the term "violence" in the
    statute was intended to include only the concept of violence
    implicit in any assault.

2. While the statute requiring that an inmate be proceeded
    against on any untried criminal charge within 180 days after
    the prosecutor receives the requisite notice of the inmate's
    incarceration is applicable in this instance even though the
    defendant's sentence on the untried charge would be served
    consecutively to the sentence which he was then serving, that
    statute does not require that the trial take place within 180
    days but rather that the prosecutor take good faith action
    within that period to ready the case for trial. The prosecutor
    herein took such good faith action.

3. The defendant was not denied his constitutional right to a
    speedy trial.

4. The trial court properly permitted the prosecution to

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Assault and Battery §§ 2, 3, 8, 9.
    27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 2, 4.
    60 Am Jur 2d, Penal and Correctional Institutions § 4.  ·
[2, 3] 21A Am Jur 2d, Criminal Law § 857.
[4] 21A Am Jur 2d, Criminal Law § 853.
[5] 21 Am Jur 2d, Criminal Law § 542.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 30.

impeach the defendant by evidence of defendant's prior criminal convictions.

5. The prosecutor's closing arguments were proper, they being fair comment on the evidence.

6. Since the question of whether defendant's habitual offender sentence should comply with the rule requiring that the minimum sentence not exceed two-thirds of the maximum sentence was not raised or briefed on appeal, the Court will not address that issue.

7. The question concerning the alleged res gestae witness was not properly preserved for appellate review.

Affirmed.

T. M. BURNS, J., concurred in part and dissented in part. He would reach the sentencing question and would reduce the minimum sentence from six years to five years, four months, that being two-thirds of the eight-year maximum sentence.

OPINION OF THE COURT

1. ASSAULT AND BATTERY — PRISONERS — STATUTES.

The statute prohibiting assaults by prisoners upon prison employees applies to any such assault not merely to assaults made during an attempt to escape from prison (MCL 750.197c; MSA 28.394[3]).

2. CRIMINAL LAW — PRISONERS — UNTRIED CHARGES.

The statute requiring that an inmate against whom there is an untried warrant, indictment, information or complaint must be proceeded against within 180 days after the prosecutor receives the requisite notice of the inmate's incarceration is applicable even where the sentence upon conviction of the untried charge would be served consecutively to the sentence that the inmate is then serving (MCL 780.131; MSA 28.969[1]).

3. CRIMINAL LAW — PRISONERS — UNTRIED CHARGES.

The statutory requirement that an inmate be proceeded against on any untried charge within 180 days after the prosecutor receives the requisite notice of the inmate's incarceration does not require that the actual trial commence within that period but rather requires only that the prosecution take good faith efforts to bring the matter to trial within that period (MCL 780.131; MSA 28.969[1]).

4. CRIMINAL LAW — SPEEDY TRIAL — DELAY.

Resolution of a constitutionally based speedy trial claim involves the balancing of four factors: the length of the delay, the

reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant resulting from the delay.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY T. M. BURNS, J.

5. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING.

*The sentence imposed on a defendant convicted as an habitual offender must be indeterminate with the minimum sentence being no more than two-thirds of the maximum.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Myron E. Sanderson,* for defendant.

Before: BEASLEY, P.J., and T. M. BURNS and E. A. QUINNELL,* JJ.

PER CURIAM. The defendant appeals his jury conviction of assaulting an employee of a place of confinement, MCL 750.197c; MSA 28.394(3).

On November 7, 1979, defendant was being moved from a housing unit to the infirmary at the State Prison of Southern Michigan by Officer Coutu. Defendant wished to take his legal papers with him to the infirmary, and Coutu denied him permission to do so. After some discussion, Officer Coutu checked with his supervisor, who decided that defendant should be allowed to take the papers. At this point the testimony diverges. Officer Coutu and other Department of Corrections employees claim that defendant then spat in Coutu's face, Coutu pushed defendant away, and defendant then struck Coutu over the right eye with his fist. Defendant and a resident witness claimed that after the telephone discussion with a supervi-

* Circuit judge, sitting on the Court of Appeals by assignment.

sor Officer Coutu initiated the physical confrontation with defendant and that defendant only acted defensively. The jury obviously accepted Officer Coutu's version of the incident. Defendant raises numerous issues on appeal.

I. The defendant's challenges to the validity and applicability of the statute under which he was charged must be rejected. *People v Wingo*, 95 Mich App 101; 290 NW2d 93 (1980); *People v Bellafant*, 105 Mich App 788; 307 NW2d 422 (1981); *People v Boyd*, 102 Mich App 112; 300 NW2d 760 (1980), *lv den* 412 Mich 927 (1982). Justice LEVIN, dissenting from the order denying leave to appeal in *Boyd*, raises some interesting questions regarding the interpretation of the statute. Pending further Supreme Court or legislative clarification, we conclude that the legislative use of the word "violence" in the statute was intended to include only the concept of violence implicit in any assault and, therefore, that any assault committed by a prison resident on an employee of the prison, whether or not committed during an escape, falls within the purview of the statute.

II. Defendant claims that he was not tried within 180 days as is required by MCL 780.131 *et seq.;* MSA 28.969(1) *et seq.*

Initially, we note that the statute does apply, even though any sentence imposed as to the charge must be served consecutively to the sentence which the defendant was serving at the time of the commission of this offense. We can place no other reasonable interpretation on the Supreme Court order in *People v Pitsaroff*, 411 Mich 941 (1981).[1]

---

[1] In *People v Pitsaroff*, 102 Mich App 226; 301 NW2d 858 (1980), a panel of this Court reversed a conviction on the ground that the 180-day rule had been violated. Although the Supreme Court summarily reversed, 411 Mich 941; 308 NW2d 98 (1981), it remanded the case to

The 180-day period commenced no later than November 13, 1979, that being the date on which the prosecuting attorney's office authorized the issuance of a warrant. *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978). The period therefore expired on May 12, 1980. Trial did not commence until July 16, 1980.

However, it is well established that the actual trial need not commence within the 180-day period; rather, the prosecution must establish that it took good faith action within that time to ready the case for trial. *People v Hill, supra.* Under these circumstances, a remand for an evidentiary hearing is sometimes required. *Pitsaroff, supra.* An evidentiary hearing is not required in this case because the reasons for delay are in the present record. Following the defendant's preliminary examination he ordered a transcript of those proceedings, which resulted in a delay in his circuit court arraignment until January 8, 1980. On January 15, 1980, he filed a petition for a diagnostic commitment to determine competency to stand trial. A competency examination was ordered and a trial date set for April 23, 1980. Defendant and the examiner experienced problems during the initial competency examination; the examiner characterized the defendant as uncooperative, such that the originally scheduled competency hearing could not be held. A new competency hearing was thereafter scheduled, and the trial date adjourned to July 9, 1980. The subsequent one-week delay was occasioned by stipulation of the parties, apparently because of defense counsel's vacation plans.

the trial court for an evidentiary hearing and directed this Court to determine, on the basis of the testimony presented at the hearing, whether the 180-day rule had been violated. Such a disposition would have been unnecessary if, as a panel of this Court held in *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), the rule is inapplicable to offenses committed after imprisonment.

It is clear from this record that the prosecution did make a good faith effort to bring the matter to trial within 180 days as required by statute.

We would not be understood as requiring a defendant to waive one right *(e.g.,* a trial within 180 days) in order to secure another *(e.g.,* the right to a preliminary examination transcript). Rather, we merely recognize that in some instances pretrial activities of a defendant, whether justified or not, will result in a trial's not being commenced with 180 days despite the good faith efforts of the prosecution to have the case ready for trial.

III. Defendant also claims that he was denied his constitutional and statutory right to a speedy trial. Const 1963, art 1, § 20; MCL 768.1; MSA 28.1024. A delay of eight months is sufficient to trigger the constitutional inquiry. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973).

Resolution of the speedy trial issue involves a balancing of four factors: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. See, *e.g., People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972).

The length of delay and the reason for the delay have been previously discussed. The defendant did not assert his speedy trial rights in the trial court.

Because the trial took place within 18 months of the offense, prejudice to the defendant is not presumed; *Grimmett, supra,* citing *People v Den Uyl,* 320 Mich 477; 31 NW2d 699 (1948). The only prejudice which defendant claims now is that because of his incarceration he had a limited opportunity to make a determination of whether or not there were available witnesses. That argument carries little weight inasmuch as defendant would have been incarcerated in any event. We find no

prejudice to the defendant from the delay. Prejudice has been identified by the United States Supreme Court in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), as affecting three specific interests of a defendant, namely the interests in avoiding oppressive pretrial incarceration, minimizing anxiety and concern, and limiting the possibility that the defense will be impaired. None of those interests of this defendant were significantly affected by the delay in this case.

On balance, we conclude that the defendant was not denied his right to a speedy trial.

IV. Defendant claims that the trial court erred in allowing the prosecution to impeach the defendant by the use of evidence of defendant's prior criminal convictions. We disagree. The trial judge recognized his discretion and articulated his reasons for permitting impeachment as he did. While not all trial courts would have permitted that impeachment, such a result is implicit in the concept of discretion. The trial court fully complied with MRE 609(a)(2).

V. Defendant also complains that the court erred in allowing the prosecutor in his closing argument to refer to the defendant as being paranoid. A review of the context indicates that the prosecutor was not using the term in its technical sense, but in the street sense. The prosecutor related his argument to specific portions of defendant's testimony, and his remarks constituted fair comment on the evidence.

VI. We have carefully examined the remaining allegations of error and find only two that merit further discussion.

A. Defendant was convicted both of the assault and of being a habitual offender; he was sentenced to a minimum term of six years and a maximum

term of eight years. The sentence did not consti-
tute cruel and unusual punishment and was not
disproportionate to the crime that was committed;
nor did the trial court fail to consider appropriate
sentencing considerations.

After defendant's sentence was imposed, this
Court held, in *People v Langham,* 101 Mich App
391; 300 NW2d 572 (1980), that a person charged
as a habitual criminal must be given an indetermi-
nate sentence. An issue remaining unaddressed is
whether such an indeterminate sentence is subject
to the two-thirds rule of *People v Tanner,* 387
Mich 683; 199 NW2d 202 (1972). Since that ques-
tion has not been raised or briefed by the parties
in this appeal, we decline to address it.

B. The incident took place near a desk normally
occupied by Worrell, a resident of the prison who
served as a clerk for the base unit. Worrell was
not produced as a witness at trial; defendant
claims that his absence constitutes error.

The testimony of the witnesses was divided as to
whether Worrell was or was not present. At the
close of the prosecution proofs, defendant moved
for an instruction to the effect that Worrell's
testimony would have been adverse to the prosecu-
tion but did not move for a mistrial or for produc-
tion of Worrell. The trial court denied the re-
quested instruction.

Resolution of this issue is governed by *People v
Pearson,* 404 Mich 698; 273 NW2d 856 (1979). If
the question of a missing res gestae witness arises
during the course of the trial, *Pearson, supra,* 721,
requires that the trial court hold a hearing and
decide first whether the witness is a res gestae
witness; if so, the court should order the prosecu-
tion to produce the witness. If the witness is not
produced the court should then hold a hearing as

to whether the prosecution exercised due diligence in producing the witness. Only if the trial court determines that the witness is a res gestae witness, that the witness was not produced, and that the prosecution failed to exercise due diligence is the defense entitled to the "adverse to the prosecution" instruction.

In the instant case, the trial court did not hold a separate hearing but instead relied on its notes of the testimony of the prosecution witnesses in holding that Worrell was not a res gestae witness. Having the benefit of the whole transcript, and having in mind the firm and abiding commitment of the State of Michigan to the requirement that the prosecution produce all res gestae witnesses,[2] we are not convinced that the trial court was entirely correct.

However, *Pearson, supra,* 722 also requires the following:

"Assuming a verdict of guilty, the defendant must raise the issue of prejudice and seek a remedy in a *Robinson*-type *[People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973)] procedure or be foreclosed from rasing these issues on appeal. If the defendant is dissatisfied with the results of the *Robinson* hearing, remedy may be sought in the defendant's appeal as of right."

Defendant having failed to make such a post-conviction motion, the issue is not appropriately before us for appellate review.

Affirmed.

T. M. Burns, J., *(dissenting in part, concurring in part).* Respectfully, I dissent from the majority's

---

[2] *Hurd v People,* 25 Mich 405 (1872). B. J. George suggests that the requirement is an anachronism and should be modified; I Michigan Criminal Procedure 8.10-3.

refusal to address *sua sponte* the question of whether defendant's sentence should be amended to comply with the indeterminate sentencing standards of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

In *People v Langham,* 101 Mich App 391; 300 NW2d 572 (1980), this Court held that the sentence of a person convicted of being an habitual offender should be indeterminate. Finding that the defendant in the case before it had not been sentenced in compliance with the two-thirds requirement of *Tanner,* this Court, in lieu of remanding for resentencing, corrected the defendant's sentence to bring it into compliance with *Tanner.*

I would apply that remedy in this case. Although defendant did not raise this issue and neither party has briefed it, all facts necessary for its resolution are before this Court and the law on this issue is clear. For this reason, I would correct defendant's sentence to five years, four months minimum to eight years maximum. *People v Langham, supra,* 398. I am in agreement with the majority's resolution of the remainder of the issues before this Court in this appeal.