PEOPLE v WILLIAMS

Docket No. 79193. Submitted November 15, 1984, at Grand Rapids.—
Decided January 31, 1985.

Defendant, Tyrone Williams, pled guilty in the Marquette Circuit
Court to assault on a prison employee, Raymond J. Jason, J.
Defendant appeals. *Held:*

1. The act under which defendant was convicted, MCL
750.197c, does not violate the title-object clause of the Michigan
Constitution.

2. Defendant does not have standing to challenge for vague-
ness and overbreadth the constitutionality of MCL 750.197c.
Defendant's conduct clearly fell within the provisions of the
statute. The statute applies to assaults by prisoners upon
prison employees, whether or not committed during an escape
or attempted escape.

3. A remand is necessary in order that the trial court may
place on the record the reasons it used to support the sentence.

Affirmed and remanded.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — ASSAULT ON PRISON
EMPLOYEES — STATUTES.

The statute prohibiting assaults by prisoners upon prison employ-
ees does not violate the title-object clause of the Michigan
Constitution (Const 1963, art 4, § 24; MCL 750.197c; MSA
28.394[3]).

2. ASSAULT AND BATTERY — PRISONERS — STATUTES.

The statute punishing for assaults by prisoners upon prison
employees applies to assaults by prisoners upon prison employ-
ees, whether or not committed during an escape or attempted
escape (MCL 750.197c; MSA 28.394[3]).

3. CONSTITUTIONAL LAW — DUE PROCESS — STATUTES — VAGUENESS.

Constitutional challenges on the ground of vagueness to statutes

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Assault and Battery § 8 *et seq.*
60 Am Jur 2d, Penal and Correctional Institutions § 32.
[3] 16A Am Jur 2d, Constitutional Law § 818.
[3, 4] 73 Am Jur 2d, Statutes § 346.
[5] 21 Am Jur 2d, Criminal Law § 527 *et seq.*

which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.

4. Constitutional Law — Criminal Law — Overbreadth — Statutes.

A defendant may not challenge the constitutionality of a criminal statute on the ground that the statute is overbroad as to him where the statute is clearly applicable to the defendant's conduct.

5. Criminal Law — Appeal — Sentencing.

Trial courts, in order to aid the review of sentences, must articulate on the record at the time of sentencing in a criminal case the reasons for imposing the sentence.

State Appellate Defender (by *Sheila N. Robertson,* Managing Attorney), for defendant on appeal.

Before: MacKenzie, P.J., and V. J. Brennan and R. E. Robinson,* JJ.

Per Curiam. On February 23, 1984, defendant, Tyrone Williams, pled guilty to assault on a prison employee, MCL 750.197c; MSA 28.394(3). He was sentenced on March 29, 1984, to serve a term of from 2-1/2 to 4 years in prison to be consecutive to the term he was serving at the time the offense was committed. He appeals as of right.

Defendant's first claim of the unconstitutionality of the act based on a title-object violation is without merit. This Court has previously held that MCL 750.197c; MSA 28.394(3) does not violate the title-object clause of the Michigan Constitution. *People v Wingo,* 95 Mich App 101; 290 NW2d 93 (1980), *lv den* 410 Mich 880 (1981); *People v Bellafant,* 105 Mich App 788, 790; 307 NW2d 422 (1981); *People v Cousins,* 139 Mich App 583; 363 NW2d 285 (1984).

Similarly, defendant here does not have stand-

* Former circuit judge, sitting on the Court of Appeals by assignment.

ing to challenge for vagueness and overbreadth the constitutionality of the statute under which he was charged and found guilty. "'[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand.'" *People v Lynch*, 410 Mich 343, 352; 301 NW2d 796 (1981). "[F]or defendant to have standing to challenge the statute on overbreadth the statute must be 'overbroad in relation to defendant's conduct. One may not constitutionally challenge a statute on grounds of overbreadth against him when the statute clearly applies.'" *People v Green*, 123 Mich App 563, 565; 332 NW2d 610 (1983).

Defendant's conduct clearly fits within the statute. While being taken from his cell, the defendant assaulted a prison officer by hitting him in the nose with his handcuffs. As such, the offense committed by defendant was neither a simple assault nor was it an aggravated assault. Defendant committed an assault with a dangerous weapon and, in so doing, his conduct fell within the statute's prohibitions.

Whatever else the statute may or may not cover, it does apply here. See *People v Johnson*, 115 Mich App 630, 633; 321 NW2d 752 (1982). Thus, defendant has no standing to argue either the vagueness or overbreadth issue.

While the defendant raises claims of the inconsistencies between MCL 750.197c; MSA 28.394(3) and several other statutes, the core of defendant's argument is that for this statute to apply the assault must be committed either during an escape or an attempted escape. This Court has determined that MCL 750.197c; MSA 28.394(3) applies to assaults by prisoners upon prison employees, whether or not committed during an escape or attempted escape. *People v Bellafant, supra.*

Finally, defendant claims that his sentence must be vacated and a remand for resentencing is mandated because the trial court failed to articulate its reasons for imposing sentence as required by *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Our review of the record does show that a remand is necessary in order that the trial court can place on the record the reasons it used to support the sentence.

Affirmed and remanded for articulation of reasons. We retain jurisdiction.