*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
February 22, 2024

v

NICHOLAS BRANDON RACINE,

        Defendant-Appellant.

No. 363399
Gratiot Circuit Court
LC No. 2022-008547-FH

Before: LETICA, P.J., and CAVANAGH and SWARTZLE, JJ.

PER CURIAM.

A corrections officer found a 4-and 1/4-inch toothbrush, with a razor blade melted into it, in defendant's belongings when his prison-cell was searched. After disciplinary action that involved solitary confinement, defendant was charged as a prisoner in possession of a weapon. A jury convicted defendant of that charge, and the trial court sentenced defendant to a term of imprisonment consecutive to the sentence that he was already serving. We affirm.

## I. BACKGROUND

During a random search of defendant's prison-cell, defendant was holding a folder that contained paperwork to be distributed to other inmates. A corrections officer found the "toothbrush-razorblade" inside of that folder. The Michigan Department of Corrections (MDOC) alleged that defendant was in violation of its policy prohibiting an inmate's possession of a weapon. An Administrative Law Judge conducted a prisoner-misconduct hearing and found that defendant had violated the MDOC policy. Subsequently, the ALJ imposed 10-days in solitary confinement, as well as 15-days without privileges, for defendant's violation.

Defendant was also criminally charged as a prisoner in possession of a weapon under MCL 800.283(4). At trial, defendant testified that he had never seen the toothbrush-razorblade before and that it would have been impossible for that item to be in his folder because he always checked his folder. The trial court instructed the jury as follows:

> The defendant is charged with the crime of prisoner possessing a weapon. To prove this charge the prosecutor must prove each of the following elements beyond a

reasonable doubt; . . . first that the defendant was a prisoner in the custody of the Michigan Department of Corrections. . . . Second that the defendant knowingly had a weapon or implement in his possession or under his control. . . . Third that the weapon or the implement that the defendant had under his possession or control could have been used to injure a prisoner or other person or to assist a prisoner to escape from imprisonment.

After the jury was excused for deliberation, the trial court noted that it had "removed jury instruction 3.3," and the trial court asked whether "there [was] something more that need[ed] to be addressed." Defense counsel replied, "No. Thank you," and the jury subsequently found defendant guilty. The trial court then assessed 25 points for offense variable (OV) 19 at the sentencing hearing after defendant stated that he did not have any objections or challenges to the sentencing guidelines.

Defendant now appeals.

## II. ANALYSIS

### A. JURY INSTRUCTIONS

Defendant first argues that the jury was not properly instructed about the definition of "knowingly" when considering his charge as well as whether he "intended to use" the toothbrush-razorblade as a weapon. During the trial court's recitation of the jury instructions, however, the trial court asked whether "there [was] something more that need[ed] to be addressed" and defense counsel affirmatively stated "No." Our Supreme Court has held that a defense counsel's statement that there were no objections to the jury instructions was an "express and unequivocal indication[] that he approved of the instructions." *People v Kowalski*, 489 Mich 488, 502-502; 803 NW2d 200 (2011). Accordingly, defendant has waived appellate review of this issue, *id*. at 505, and his waiver extinguishes any error on these issues, *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

### B. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that his counsel was ineffective for failing to object to the trial court's jury instruction that did not include the definition of "knowingly." Defendant did not move for a new trial or evidentiary hearing concerning his counsel's performance, however, and, thus, this issue is not preserved for appellate review. *People v Heft*, 299 Mich App 69, 80; NW2d 266 (2012). "This Court reviews an unpreserved ineffective-assistance-of-counsel claim for errors apparent on the record." *People v Hieu Van Hoang*, 328 Mich App 45, 63; 935 NW2d 396 (2019).

Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). "Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the

defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, and defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001), citing *Strickland v Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999). The performance will be deemed to have prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

Defendant was convicted under MCL 800.283(4), which provides:

> Unless authorized by the chief administrator of the correctional facility, a prisoner shall not have in his or her possession or under his or her control a weapon or other implement which may be used to injure a prisoner or other person, or to assist a prisoner to escape from imprisonment.

Defendant argues that, under this statute, he had to knowingly possess a weapon and that he must have intended to use the item as a weapon. And, thus, under defendant's view, his counsel was ineffective for not objecting to the trial court's jury instruction that did not include a definition for "knowingly."

Even assuming, without deciding, that the term "knowingly" is an element of the charge, defendant ignores that the word "knowingly" is subject to ordinary comprehension. "There will be no error warranting reversal as a result of a trial court's failure to define a term that is generally familiar to lay persons and is susceptible of ordinary comprehension." *People v Miller*, 326 Mich App 719, 731; 929 NW2d 821 (2019) (cleaned up). "Counsel is not ineffective for failing to make futile objections," *id*. at 731-732 (cleaned up), and, thus, there is not an error apparent on the record.

## C. OV 19

Defendant argues that the trial court erred in scoring OV 19. "This Court reviews for clear error a trial court's findings in support of particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). Clear error exists when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "Under the sentencing guidelines, the circuit court's factual determinations . . . must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 19 applies if there was a "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. A sentencing court must assess 25 points for OV 19 when the offender's "conduct threatened the security of a penal institution or court." MCL 777.49(a).

In this case the trial court assessed 25 points for OV 19, and defendant argues that this was similar to *People v Dixon*, 509 Mich 170, 180; 983 NW2d 385 (2022), a case in which our Supreme Court reversed a trial court's assessment of 25 points for OV 19 because the possession of a cell phone did not inherently threaten the security of the penal institution.

Defendant ignores, however, that our Supreme Court held that the nature of a cell phone was important to determining whether it threatened the security of the penal institution because "cell phones have many nonthreatening uses." *Id.* at 180. A "toothbrush-razorblade" does not have any nonthreatening uses, and our Supreme Court also explained in *Dixon* that "possession alone, even constructive possession, could be 'conduct' for purposes of scoring OV 19" depending on the item possessed. *Id.* at 179-180. The toothbrush-razorblade was found in defendant's possession, and, thus, the trial court did not err when it assessed 25 points for OV 19.

## D. DOUBLE JEOPARDY

Lastly, defendant argues that his conviction violated his constitutional protection against double jeopardy because he was punished for the same conduct in a prison administrative hearing. Generally, "[a] double jeopardy challenge presents a question of constitutional law that this Court reviews de novo." *People v Smith*, 478 Mich 292, 298; 733 NW2d 351 (2007). Defendant did not raise this issue in the trial court, however, and, thus, he failed to preserve this argument for appellate review. Therefore, "this Court's review is limited to plain error affecting defendant's substantial rights." *Solloway*, 316 Mich App at 197. "To obtain relief, it must be found that (1) an error occurred, (2) the error was plain or obvious, and (3) the plain error affected the defendant's substantial rights. The defendant bears the burden of establishing that his substantial rights were affected." *Id.* (citation omitted).

The Double Jeopardy Clauses of the United States Constitution and the Michigan Constitution prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; see *People v Dickinson*, 321 Mich App 1, 10; 909 NW2d 24 (2017). "These Double Jeopardy Clauses afford three related protections: (1) against a second prosecution for the same offense after acquittal, (2) against a second prosecution for the same offense after conviction, and (3) against multiple punishments for the same offense." *Dickinson*, 321 Mich App at 10 (quotation marks and citation omitted). "Double-jeopardy protections only apply to multiple *criminal* punishments." *Dep't of Environmental Quality v Sancrant*, 337 Mich App 696, 704; 976 NW2d 874 (2021).

As has been demonstrated by this Court and our Supreme Court, prison-disciplinary proceedings are not criminal-prosecution proceedings. See *People v Wyngaard*, 462 Mich 659, 663; 614 NW2d 143 (2000); and *People v Bellafant*, 105 Mich App 788, 790; 307 NW2d 422 (1981). Further, federal courts have held that "prison disciplinary hearings are not part of a criminal prosecution" and, consequently, they "do not implicate double jeopardy concerns." *Lucero v Gunter*, 17 F3d 1347, 1351 (CA 10, 1994). This is consistent with this Court's recent

holding in *People v Adams*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359017); slip op. at 2.[1]

Accordingly, defendant's conviction and his earlier disciplinary proceedings did not implicate his constitutional protection against double jeopardy.

### III.  CONCLUSION

Defendant waived his right to appeal whether the trial court erred by not including a jury instruction regarding the term "knowingly" or whether he "intended to use" the toothbrush-razorblade as a weapon.  Nevertheless, the term "knowingly" is generally familiar to laypersons and susceptible to ordinary comprehension, and, thus, defense counsel was not ineffective for failing to raise a futile objection.  Moreover, the trial court correctly assessed 25 points for OV 19 given that defendant was in possession of an item with no nonthreatening uses, and this Court has held that punishments under prison administrative proceedings do not violate the constitutional protection against double jeopardy.

Affirmed.

/s/ Anica Letica
/s/ Mark J. Cavanagh
/s/ Brock A. Swartzle

---

[1] We recognize that our Supreme Court has remanded *Adams* to this Court for further consideration to "address the actual punishment imposed on the defendant, including the total amount of time he spent in administrative segregation and the reason for that length of time." *People v Adams*, ___ Mich ___; 997 NW2d 709 (2023).  In *Adams*, although the defendant was sanctioned to spend 20-days in solitary confinement and lost privileges for 60-days, he alleged that he actually spent an additional three years and nine months in segregation for his prison misconduct.  In this case, however, the record is undisputed that defendant spent 10-days in solitary confinement and lost privileges for 15-days as the result of his prison misconduct.