PEOPLE v TERRY

Docket No. 178366. Submitted May 16, 1996, at Grand Rapids. Decided
    July 23, 1996, at 9:20 A.M.

 Adrian R. Terry, a prison inmate, was convicted following a bench
trial in the Manistee Circuit Court, James M. Batzer, J., of assault of
a prison employee and of being a second-offense habitual offender
and was sentenced to three to six years' imprisonment. The defend-
ant appealed, claiming that his act of spitting on a hearing officer
did not constitute either violence or an assault under MCL
750.197c; MSA 28.394(3) and that his sentence was not
proportionate.

 The Court of Appeals *held*:

 1. "Violence," for purposes of MCL 750.197c; MSA 28.394(3), is
any wrongful application of physical force against another person
so as to cause harm or embarrassment. The defendant spit on the
hearing officer to harm or embarrass him. The defendant's action
constituted violence under the statute.

 2. Because intentionally spitting upon a person is a battery,
which is a consummated assault, spitting falls within the prohibi-
tions of MCL 750.197c; MSA 28.394(3). An assault was committed
by the defendant. The lack of physical harm to the hearing officer
is irrelevant.

 3. The trial court did not abuse its discretion in imposing the sen-
tence. The sentence was proportional.

 Affirmed.

ASSAULT AND BATTERY — INMATES — WORDS AND PHRASES — "VIOLENCE."

 A person lawfully imprisoned in a place of confinement violates the
statute prohibiting the use of violence to assault an employee of
the place of confinement when the prisoner spits on the employee
in an attempt to cause harm or embarrassment; any wrongful appli-
cation of physical force against such an employee so as to harm or
embarrass the employee is violence under the statute; because
intentionally spitting upon a person is a battery, which is a consum-
mated assault, spitting falls within the prohibition of the statute
and a lack of physical injury is irrelevant (MCL 750.197c; MSA
28.394[3]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Dennis M. Swain*, Prosecuting Attorney, and *Michael E. Moody*, Assistant Attorney General, for the people.

State Appellate Defender (by *Ronald J. Bretz*), for the defendant on appeal.

Before: DOCTOROFF, C.J., and NEFF and FITZGERALD, JJ.

PER CURIAM. Defendant appeals as of right from his conviction following a bench trial of assault of a prison employee, MCL 750.197c; MSA 28.394(3). Defendant was also found guilty of being a second-offense habitual offender pursuant to MCL 769.10; MSA 28.1082. He was sentenced to imprisonment for a term of three to six years. On appeal, defendant claims that his actions did not fall under the conduct prohibited by the statute. He also argues that his sentence was disproportionate. We affirm.

On November 2, 1993, the Michigan Department of Corrections held a major misconduct hearing with regard to a prior infraction committed by defendant. The hearing was conducted by hearing officer Martin Palus, who had introduced himself to defendant on a previous occasion. At the end of the hearing, as defendant was being escorted out of the room by two officers, defendant spit on Palus' shoulder. Although Palus did not see defendant spit on his shoulder, he heard the sound of a person spitting and smelled the spit on his sport coat. The two escorting officers witnessed defendant spitting on Palus.

MCL 750.197c; MSA 28.394(3) is violated when a person lawfully imprisoned in a place of confinement

uses violence to assault an employee of the place of confinement. *People v Williams*, 173 Mich App 312, 318; 433 NW2d 356 (1988). Defendant argues that spitting does not constitute "violence" under the statute and does not constitute an assault. We disagree. In *People v Boyd*, 102 Mich App 112; 300 NW2d 760 (1980), this Court reviewed whether throwing a liquid alleged to be urine constituted "violence" under the statute. The *Boyd* Court looked to the Criminal Jury Instructions to help define violence as "any wrongful application of physical force against another person so as to harm or embarrass him." *Id.* at 116. Thus, this Court found that the defendant violated the act by throwing liquid that was alleged to be urine. There is no logical distinction that can be drawn between the action of the defendant in *Boyd* and defendant's act of spitting on Palus. In this case, it is clear that defendant spit on Palus to "harm or embarrass him," and, thus, his action constituted violence under the statute. Defendant's claim to the contrary is without merit.

Defendant next contends that no "assault" occurred under the statute because Palus did not suffer any physical injuries. We disagree. A simple assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. *People v Robinson*, 145 Mich App 562, 564; 378 NW2d 551 (1985). A battery is the consummation of an assault. *People v Rivera*, 120 Mich App 50, 55; 327 NW2d 386 (1982). For assault and battery, intent is an element of the crime to be proved. 2A Michigan Criminal Law & Procedure, Assaults (2d ed, 1992 rev ed), § 1024, p 668. Thus, the prosecution needed only to prove that

defendant intended to spit on Palus; the lack of physical injury was irrelevant. See *People v Datema*, 448 Mich 585, 592, n 8; 533 NW2d 272 (1995). The intent of the defendant may be established by circumstantial evidence. *People v Barclay*, 208 Mich App 670, 674; 528 NW2d 842 (1995). In this case, the evidence showed that, as defendant was about to leave the hearing, "[h]e yelled profanities at [Palus,] stood up, and then spit on Mr. Palus." This evidence was clearly sufficient to support a finding that defendant intentionally spit on Palus. Because spitting upon a person is a battery, which is a consummated assault, spitting falls within the prohibitions of the statute. Accordingly, defendant's contention that no "assault" was shown under MCL 750.197c; MSA 28.394(3) is without merit.

Finally, defendant contends that his prison sentence of three to six years violated the principle of proportionality. We disagree. Sentencing guidelines do not apply to habitual offenders, because "[t]here was no consideration of habitual offender sentencing in the creation of the existing sentencing guidelines." *People v Cervantes*, 448 Mich 620, 625; 532 NW2d 831 (1995). The Legislature intended to afford the trial court discretion to punish more severely those who have committed more serious crimes and who have more extensive prior records of such crimes. *Id.* at 628-629. In sentencing defendant, the trial court noted that defendant had been involved in numerous instances of misconduct, including ten acts of threatening behavior, ten acts of destruction or misuse of property over $10, and two acts of assault and battery on staff. The trial court also took into consideration the offensive nature of the act of spitting on another

and the lack of remorse shown by defendant. These were proper factors to consider in sentencing defendant. *People v Houston*, 448 Mich 312, 323-324; 532 NW2d 508 (1995); *Cervantes, supra* at 628. In light of defendant's excessive misconduct in prison, including threatening and assaultive behavior, we find that the sentence was proportionate to defendant and the crime he committed. Thus, the trial court did not abuse its discretion in imposing a sentence of three to six years for defendant's violation of MCL 750.197c; MSA 28.394(3).

Affirmed.