# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JERRY KENT SUPER,

        Defendant-Appellant.

UNPUBLISHED
April 21, 2015

No. 319736
Calhoun Circuit Court
LC No. 2013-002748-FH

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant Jerry Kent Super was convicted by a jury of two counts of assault with a dangerous weapon (felonious assault), MCL 750.82, and one count of domestic assault, third offense, MCL 750.81(4). Defendant was sentenced to 4 to 15 years' imprisonment for the first felonious assault conviction, 3 to 15 years' imprisonment for the second felonious assault conviction, and 3 to 15 years' imprisonment for the domestic assault conviction. He appeals as of right. We affirm.

## I. FACTS

This case involves several physical offenses by defendant against his girlfriend, Lillian Rogers, and Lillian's 29-year-old son, Quincy Rogers. At trial, Lillian testified that early in the afternoon on August 11, 2013, defendant hit her twice above her left eye during an argument. Later that day, Lillian and Quincy drove to a house they shared with defendant. Lillian explained that as she walked up the driveway, she saw defendant come out of the back door of the house with a knife in his hand. Defendant grabbed Lillian and tried to pull her into the house, but she was able to break away. Lillian stated that she could see the knife while defendant held her, and she believed defendant was trying to cut her with it.

Quincy testified that he was sitting in a car in the driveway of the house when he heard someone attacking Lillian. Quincy exited the car and saw defendant with a knife holding Lillian and trying to pull her into the house. According to Lillian, Quincy tried unsuccessfully to grab the knife from defendant, and defendant "turned toward" him and "the knife went into Quincy's chest." After struggling with defendant over the knife, Quincy grabbed the blade of the knife with his hand and separated it from the handle. Dr. Maria Williamson-House testified that Quincy sustained a puncture wound of approximately eight inches along the chest wall near his left clavicle that was consistent with a knife being "plunged" into his body. The jury convicted defendant of all counts charged.

-1-

## II. BINDOVER TO THE CIRCUIT COURT

Defendant first argues that he was improperly bound over to the circuit court. We generally review a district court's decision to bind over a defendant for an abuse of discretion. *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000). However, defendant did not file a motion to quash the information so this issue is unpreserved for appellate review. *People v Noble*, 238 Mich App 647, 658; 608 NW2d 123 (1999). Accordingly, we review defendant's claim of an improper bindover for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

A district court must bind a criminal defendant over to the circuit court if it determines that probable cause exists to believe that the defendant committed a crime. *People v Plunkett*, 485 Mich 50, 57; 780 NW2d 280 (2010). Although each element need not be proven beyond a reasonable doubt, the prosecutor must present some evidence of each element of the charged crime. *People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009). The evidence must be "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (citation and quotation marks omitted). An erroneous decision to bind a defendant over to the circuit court is rendered harmless if sufficient evidence supports a conviction at trial. *People v Libbett*, 251 Mich App 353, 357; 650 NW2d 407 (2002).

Defendant contends that the prosecutor wrongly informed the district court that defendant's domestic assault charge was a misdemeanor, when the third offense enhanced it to a felony. Thus, defendant argues, the evidence was insufficient to bind him over for trial because the prosecutor did not introduce evidence of defendant's prior domestic assault convictions at the preliminary examination. However, the prior convictions required by MCL 750.81(4) to enhance a domestic assault misdemeanor to a felony are not elements of the crime, and therefore need only be established at sentencing. See MCL 750.81b; see also *People v Reichenbach*, 459 Mich 109, 127 n 19; 587 NW2d 1 (1998).

Moreover, even if the prosecutor improperly characterized defendant's domestic assault charge as a misdemeanor, this error was harmless because sufficient evidence supported defendant's conviction at trial. *Libbett*, 251 Mich App at 357. The elements of domestic assault are "(1) the commission of an assault or assault and battery and (2) a dating relationship between the parties." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011). At trial, Lillian testified that she and defendant were involved in a dating relationship and that defendant hit her twice above her left eye. Therefore, sufficient evidence was presented at trial to render harmless any possible bindover error regarding defendant's domestic assault charge.

Defendant next asserts that he was improperly bound over on the felonious assault charge with respect to Lillian. However, this issue is waived because defendant's attorney affirmatively approved the bindover and stated on the record that probable cause existed with respect to this charge. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). This waiver by defense counsel extinguishes any error and precludes appellate review of the issue. *Id.* at 215-216.

Defendant also argues that there was insufficient evidence to bind him over on the felonious assault charge regarding Quincy. The elements of felonious assault are (1) a simple assault, (2) with the use of a dangerous weapon, and (3) "with the intent to injure or place the

victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). At the preliminary examination, Quincy testified that defendant swung a knife at him when he tried to help Lillian. As a result, Quincy sustained a puncture wound to the chest. This evidence was sufficient to establish probable cause that defendant committed a felonious assault against Quincy. Accordingly, defendant was properly bound over to the circuit court on this charge.

Defendant alternatively contends that he was denied the effective assistance of counsel at the preliminary examination because his attorney failed to object to the bindover on his domestic assault charge and conceded that there was probable cause with respect to the felonious assault as to Lillian. Defendant did not raise this issue in his statement of the questions presented, so we are not required to consider the merits of this claim. MCR 7.212(C)(5); *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). Regardless, we have reviewed defendant's argument and conclude that he is not entitled to relief.

### III. SUFFICIENCY OF THE EVIDENCE

Defendant argues there was insufficient evidence of his intent to sustain his conviction for felonious assault against Quincy. We disagree.

We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). In reviewing a sufficiency claim, we view the evidence in a light most favorable to the prosecution and consider whether a rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). Again, a felonious assault is a simple assault aggravated by the use of a dangerous weapon, "with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *Avant*, 235 Mich App at 505. Intent may be established by making reasonable inferences from circumstantial evidence. *People v Terry*, 217 Mich App 660, 663; 553 NW2d 23 (1996). For purposes of establishing a felonious assault, a knife constitutes a dangerous weapon. MCL 750.82.

The prosecutor presented sufficient evidence to allow a rational jury to find beyond a reasonable doubt that defendant committed a felonious assault against Quincy. At trial, Quincy testified that he saw defendant threaten Lillian with a knife. Lillian testified that when Quincy approached defendant and attempted to take the knife away, defendant turned toward him and cut him in the chest. As a result, Quincy sustained a puncture wound. Viewing the evidence in a light most favorable to the prosecution, this evidence was sufficient to enable a jury to find beyond a reasonable doubt that defendant committed a simple assault aggravated by the use of a dangerous weapon with the intent to injure or assault the victim. *Harverson*, 291 Mich App at 175. Consequently, defendant's challenge to the sufficiency of the evidence supporting his felonious assault conviction is without merit.

Affirmed.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola