*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DAPHELIN SEON TRIPLETT,

       Defendant-Appellant.

UNPUBLISHED
January 28, 2020

No. 345607
Kent Circuit Court
LC No. 17-010166-FH

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant, Daphelin Seon Triplett, of assault with a dangerous weapon (felonious assault), MCL 750.82. The trial court sentenced defendant to 90 days in jail followed by 6 months on tether and 60 months of probation. Defendant now appeals his conviction as of right. We affirm.

## I. BACKGROUND

This case arose out of two incidents of domestic violence in September 2017, between defendant and the victim, his wife. The first incident occurred in the early evening as the victim was leaving a friend's home, at which time defendant drove to the home along with his and the victim's son. Defendant grabbed the victim by the arm, threatened to flatten the tires on her car, held the victim up by the neck of her shirt, and loudly engaged in profanity and verbal abuse and threats. There were several children present in addition to the victim's and defendant's son. The incident ended when the police arrived.

The second incident occurred later in the same evening. The victim and her sister entered defendant's and the victim's home, because the victim intended to retrieve some clothes and the son, and then spend the night at the sister's home. The victim was carrying mace, which she had acquired as a self-defense measure. Defendant, using vulgar language, informed the victim that he refused to permit the victim to take their son. Defendant and the victim argued, and then defendant pulled a machete from underneath the sofa, removed it from its sheath, and informed the victim that he would "slaughter" the victim's entire family. The sister asked defendant if she could remove the child, who was scared and crying, from the situation, but defendant refused.

The sister then left the residence and called the police. The victim produced her mace, but she testified that she would not have deployed it because of the presence of the son. Defendant placed the blade of the machete on the victim's chest and threatened to decapitate her if she moved. Defendant insisted that he was acting in self-defense because the victim had a pocketknife in addition to the mace. The victim denied having any weapons other than the mace, and the victim's friend denied seeing the victim with a knife. The victim left the home, followed by defendant. Again, the incident ended when the police arrived.

Although the first incident is relevant to a full understanding of the context of the second incident, defendant's charges were based only on the second incident. The victim also testified that defendant had previously engaged in other threatening or violent behavior toward her, including destroying her phone, choking her, and "sl[i]ng[ing] [her] over" their third-floor balcony. However, the victim stated that defendant had never pulled a knife on her before.

As noted, the jury found defendant guilty of felonious assault, MCL 750.82. The jury acquitted defendant of a misdemeanor charge of domestic violence, MCL 750.81(2). On appeal, defendant argues that the trial court erroneously allowed hearsay testimony into evidence. Specifically, defendant contends that the trial court improperly permitted a police officer who had responded to both domestic violence incidents to testify as to out-of-court statements made by the victim.

## II. STANDARD OF REVIEW

The trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo; it is necessarily an abuse of discretion to admit legally inadmissible evidence. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). Otherwise, "[a]n abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). An evidentiary error "is not a ground for reversal unless, after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999) (quotation omitted).

## III. LEGAL BASIS FOR ADMISSION

As an initial matter, defendant's argument on appeal appears to be premised on having received an incomplete copy of the lower court file. Appellate counsel asserts that the trial court erred by "presumably" allowing the challenged testimony under an improper statute; specifically, MCL 768.27b rather than MCL 768.27c. Appellate counsel claims that the file defendant received did "not contain any copy of, nor reference to, a timely filed notice." However, the lower court record *does* contain a proper and timely notice by the prosecutor, date-stamped as having been received on July 2, 2018. The notice states in relevant part:

> This serves as notice that the People intend to call Officer Nathan Turmell, Kentwood PD, to testify as to the statements made by the victim[.] These statements are contained in police report number [redacted] and [redacted] and will be used as substantive evidence, pursuant to MCL 768.27c.

This also serves as notice that the People intend to introduce evidence of Defendant's other acts of domestic violence as substantive evidence under MCL 768.27b. A copy of the police report(s) containing the evidence is attached . . ., and has already been provided to Defense Counsel[.]

Nevertheless, no reference to the notice appears in the lower court register of actions, and the notice is filed in the "Confidential" portion of the file, which states "please remove before public inspection." If the "Confidential" portion of the file was not given to appellate counsel, then appellate counsel would indeed not have received a copy of the notice or discovered any reference to the notice in the file. Furthermore, in responding to defendant's objection to the testimony, the trial court did not explicitly specify which statute applied, and the prosecutor referred to having "noticed this under 768.27." Nevertheless, appellate counsel does concede that trial counsel made no claim that he failed to receive the notice, despite several opportunities to do so.

Therefore, the record does not support defendant's presumption that the trial court incorrectly permitted the police testimony of the victim's statements under MCL 768.27b. The record establishes, albeit not as clearly or directly as might be hoped, that the court and the attorneys understood that MCL 768.27c was at issue. The police officer's testimony was properly admitted pursuant to the appropriate statute.

## IV. ADMISSIBILITY UNDER MCL 768.27C

Defendant does not make any substantive argument on appeal pertaining to MCL 768.27c, so we could deem any further challenge to the testimony abandoned. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004). However, under the circumstances, we cannot fault defendant for any such omission. Therefore, we choose to exercise our discretion to address the issue under the appropriate law, see *Mack v Detroit*, 467 Mich 186, 206-209; 649 NW2d 47 (2002), and assess the propriety of the admission of the challenged testimony under MCL 768.27c.

Hearsay is generally not admissible at trial, unless an exception applies. MRE 802. MCL 768.27c offers one such exception. "In MCL 768.27c, the Legislature determined that under certain circumstances, statements made to law enforcement officers are admissible in domestic violence cases." *People v Meissner*, 294 Mich App 438, 445; 812 NW2d 37 (2011). MCL 768.27c provides, in relevant part, as follows:

(1) Evidence of a statement by a declarant is admissible if all of the following apply:

(a) The statement purports to narrate, describe, or explain the infliction or threat of physical injury upon the declarant.

(b) The action in which the evidence is offered under this section is an offense involving domestic violence.

-3-

(c) The statement was made at or near the time of the infliction or threat of physical injury. Evidence of a statement made more than 5 years before the filing of the current action or proceeding is inadmissible under this section.

(d) The statement was made under circumstances that would indicate the statement's trustworthiness.

(e) The statement was made to a law enforcement officer.

The statute also provides definitions of a "declarant" and "domestic violence." MCL 768.27c(5)(a)-(b). It also provides some examples of "circumstances relevant to the issue of trustworthiness," such as whether the statement was made in contemplation of pending or anticipated litigation in which the declarant was interested; whether the declarant has a bias or motive for fabricating the statement, and the extent of any bias or motive; and whether the statement is corroborated by other evidence. MCL 768.27c(2).

As discussed, the evidence admitted pursuant to MCL 768.27c consisted of a police officer's testimony regarding statements made by the victim to him after each of the incidents of domestic violence. The officer testified that defendant found the victim at her friend's home, swore at her, threatened to flatten her tires, and physically assaulted her. The police officer also testified that he spoke to the victim when he arrived on the scene of the second assault, moments after it occurred. According to the officer, the victim stated that "she came to where they were living to pick up her son," but that defendant "refused to give up his son." The victim also told him that defendant "got more upset and flipped the couch up and then grabbed the machete that was underneath the couch, unholstered it, and stated that he was going to kill her and her family one-by-one." The officer further testified that the victim told him that defendant approached her and put the machete to her chest. In sum, the officer's testimony almost completely mirrored the victim's testimony at trial.

There can be no dispute that the victim was a "declarant," meaning "a person who makes a statement." MCL 768.27c(5)(a). We conclude that the statements complied with the statute because: (a) they were admitted to narrate, describe, or explain the threat of physical injury to the victim; (b) they were admitted at defendant's trial in which he was accused of domestic assault of the victim, MCL 750.81(2); (c) they were made "moments" after the assault occurred; (d) they were made under circumstances indicative of the statements' trustworthiness because there was no evidence of pending or anticipated litigation in which the victim was interested, the victim had just left the scene of the assault, her sister had also witnessed defendant threaten the victim and her family's lives with the machete, the statements were corroborated by testimony from several witnesses, and there was no evidence showing bias or motive; and (e) they were made to a law enforcement officer. See MCL 768.27c(1)-(2). We find no error in the trial court's statement, in response to defendant's objection, that "there is a statutory provision which comes into play that allows the testimony . . . and the statute has been complied with[.]" The trial court correctly found the testimony admissible under MCL 768.27c.

Defendant contends that the evidence was improperly prejudicial because it improperly bolstered the victim's testimony. Defendant observes that there were no other witnesses to the part of the second domestic violence incident where he touched the victim's chest with the

-4-

machete. Defendant properly observes that "[i]n a trial where the evidence essentially presents a one-on-one credibility contest between the victim and the defendant, hearsay evidence may tip the scales against the defendant, which means that the error is more harmful." *Gursky*, 486 Mich at 620-621. However, even if the trial court had incorrectly found the evidence admissible, this was not a simple credibility contest between only himself and the victim.

The essential elements of felonious assault, MCL 750.82, are, in relevant part, a person assaulting another person with a knife without intending to commit murder or to inflict great bodily harm less than murder. "Felonious assault is defined as a simple assault aggravated by the use of a weapon." *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993). "A simple assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person," and an attempted battery constitutes an assault. *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005) (quotation omitted). Put another way, "[a] battery is the consummation of an assault," so the commission of a battery necessarily includes the commission of an assault. *Terry*, 217 Mich App at 662-663. No actual injury to the victim is required. *Id*. at 662. However, felonious assault is a specific-intent crime; the defendant must actually intend to commit a battery or to place the victim in reasonable apprehension of an imminent battery. See *Id*. at 662-663; see also *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979).

We conclude that the jury could have found the essential elements of felonious assault established from defendant's own testimony. Defendant testified that he brandished the machete at the victim and actually touched the victim with the blade. Defendant insisted that he was acting in self-defense, that the victim threatened him with the mace first, and that he did not threaten her at all.[1] However, defendant admitted that he was not seriously afraid of the mace because he believed he could block it with his arm; and there was police testimony that mace was not a lethal weapon, but a machete was a lethal weapon. Defendant testified that the victim produced a "little" pocketknife that he regarded as a serious danger, but also that the victim did not produce the alleged knife until moments before she left the home and long after defendant had already produced and brandished the machete. Defendant admitted that the machete touched the victim's chest. When directly asked whether he might have cut the victim's head off, defendant admitted that he "c[ould]n't say what [he] would have done at that moment," citing the "heat of" the moment.

Defendant's own testimony establishes that he committed a battery against the victim with the machete, and when he did so, he at least intended to place the victim in apprehension of an imminent battery. Thus, even if the police officer's testimony had not been admissible, which it was, we are unpersuaded that the testimony was likely outcome-determinative. Therefore, no

---

[1] We note that the victim's sister was present until well after defendant had already produced the machete, so whether the victim threatened defendant first was *not* a pure one-on-one credibility contest between defendant and the victim.

reversal would be proper.  See *Lukity*, 460 Mich at 495-496.  In conclusion, we find that the trial court did not abuse its discretion by admitting the police testimony under MCL 768.27c.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola