*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY LARUE WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
September 17, 2020

No. 348103
Oakland Circuit Court
LC No. 2017-264092-FC

AFTER REMAND

Before: GLEICHER, P.J., and SAWYER and METER, JJ.

PER CURIAM.

We remanded this matter to the trial court for a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), to determine if defendant's appointed trial counsel was ineffective in failing to request a jury instruction on the lesser included offense of assault and battery. And regardless of counsel's effectiveness, we directed the trial court to consider whether defendant was prejudiced as a result of the missing instruction. The trial court determined that counsel had a valid strategy for not requesting such an instruction and that defendant was not prejudiced by the absence of an assault and battery instruction as the evidence did not support conviction on that offense. As a result, the court determined that defendant was not entitled to a new trial. We affirm.

I

At the *Ginther* hearing, defense counsel Lawrence Kaluzny testified that he did not consider requesting an instruction on the lesser offense of assault and battery. Defendant advised Kaluzny that he wanted to pursue an all-or-nothing approach, to prove that he was not the shooter and therefore was innocent of any charge. Requesting instruction on any lesser included offense would be inconsistent with that defense and "would [have] affect[ed] my credibility with the jury," Kaluzny explained. Kaluzny conceded "in hindsight" that an assault and battery instruction might "have benefitted" defendant given the jury's eventual conviction of defendant on a lesser charge.

Kaluzny also testified that he did not think an assault and battery instruction was supported by a rational view of the evidence. The evidence supported that the shooter fired at close range from behind the victim. These acts evidenced an intent greater than that required to commit a mere assault and battery.

Kaluzny explained that in this assault with intent to murder trial, the prosecutor asked for an instruction on the lesser offense of assault with intent to commit great bodily harm. Kaluzny did not object because there was no ground to do so. Because the prosecutor requested the instruction, however, Kaluzny felt compelled to at least minimally address the issue of intent in closing argument. Counsel therefore stated in closing, "Didn't want to kill [the victim]. And even if he made that shot, there's no evidence that there was an intent to kill."

The trial prosecutor was also called to the stand. He testified that it is common for a court to instruct the jury on assault with intent to commit great bodily harm when the defendant is charged with assault with intent to murder. It is very rare, however, for the evidence to support an instruction on the lesser offense of assault and battery, the prosecutor asserted. The prosecutor further asserted that an instruction on assault and battery was not supported in this case because defendant shot an unarmed victim from behind at close range.[1]

The trial court agreed that it "was a rational strategy for Mr. Kaluzny to take to not request the assault and battery" instruction. Specifically, the court thought an assault and battery instruction would not be supported by a rational view of the evidence: "in cases involving a gun it's kind of hard to argue that when somebody points a gun at somebody and pulls the trigger that the intent is only to commit a battery as opposed to an assault with [intent] at least to commit great bodily harm." Accordingly, the court agreed that presenting an alternative assault and battery instruction could result in "the loss of credibility" with the jury. As defense counsel had a sound strategy for his decision, the court determined that he was not ineffective.

We also asked the court to address whether defendant was prejudiced by the absence of an assault and battery instruction, regardless of whether counsel was ineffective. The court noted that defendant painted a picture in which he was the peacemaker in a tense situation. "[T]here was ample evidence to the contrary," the court found. The court emphasized "that there was a history of very bad blood that was fostered by [defendant] and not deflated or diminished by [defendant's] words and actions," in addition to the fact that "a gun [was] involved at point blank range." Accordingly, had counsel requested the instruction, the court would have been constrained to deny the request. And even if the court gave the instruction, there was no reasonable likelihood that the jury would have acquitted defendant of assault with intent to commit great bodily harm and convicted him of the lesser assault and battery offense.

II

We review for an abuse of discretion a court's decision whether to grant or deny a new trial and review for clear error the court's underlying factual findings. *People v Miller*, 482 Mich 540,

---

[1] We note that defendant did not testify at the hearing on remand.

544; 759 NW2d 850 (2008). The trial court acted within its discretion in denying defendant a new trial and did not clearly err in any respect.

"The role of defense counsel is to choose the best defense for the defendant under the circumstances." *People v Pickens*, 446 Mich 298, 325; 521 NW2d 797 (1994). Attorney Kaluzny adequately explained his decision against requesting an instruction on the lesser offense of assault and battery. Kaluzny is an experienced and capable criminal defense attorney. He met with his client on 14 separate occasions to prepare for this case. Defendant and Kaluzny together agreed to defend by denying that defendant was the shooter. Attorney and client decided against challenging the intent element and therefore did not request any lesser offense instructions. As noted by the trial court, this was a sound strategy as the evidence supported that the shooter acted with at least the intent to commit great bodily harm by shooting the victim from behind at close range and it could seem disingenuous to the jury to seek an instruction on simple assault and battery.

We also agree with the trial court that defendant was not prejudiced by the lack of an assault and battery instruction as the evidence would not have supported conviction on that lesser offense.

"A simple assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. A battery [simply] is the consummation of an assault." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). As noted by counsel and the court, this case involved a shooter approaching an unarmed victim from behind and shooting him at close range. This act evidenced an intent to do greater harm than a simple battery; the assailant used a deadly weapon at close range with little chance of missing the target. The assailant intended to at least inflict great bodily harm. Accordingly, the trial court did not clearly err in determining that defendant suffered no prejudice as a result of the absent instruction.

We now affirm defendant's convictions and sentences.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Patrick M. Meter