*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEWIS AARON NIXON, JR.,

        Defendant-Appellant.

UNPUBLISHED
November 4, 2021

No. 353438
Gratiot Circuit Court
LC No. 2019-008087-FH

Before: MARKEY, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury trial conviction of assault of a prison employee, MCL 750.197c. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 4 to 10 years' imprisonment. We affirm defendant's conviction but vacate his sentence and remand for resentencing.

This case arises out of an assault committed against a registered nurse at the Central Michigan Correctional Facility on November 21, 2018. On that day, defendant, who was incarcerated at the prison, saw the nurse for an appointment concerning his high blood pressure. The nurse testified that she first met with defendant at around 6:00 p.m. when she took his blood pressure. Because his blood pressure was extremely high, the nurse had defendant sit in the waiting room for a period of time to see if his blood pressure would decrease or remain elevated. At 6:26 p.m., the nurse called defendant back into the examination room. When defendant approached the entrance of the examination room, the nurse held the door open for him. And as defendant passed through the doorway, the nurse felt defendant's hand swipe the inside of her leg, starting from above the knee, moving upward, and ending near her groin area. This caused the nurse to jump back. As defendant sat down, the nurse confronted him about touching her, but defendant only smiled and denied that he had done anything to her. The nurse testified that the touching was unwelcome and offensive. The nurse called another nurse to monitor defendant while she reported the incident. There was video surveillance evidence showing the nurse jump back as defendant passed through the doorway, although the direction and angle of the camera did not allow the viewer to see whether defendant swept his hand against the inside of the nurse's thigh. Defendant testified that he did not touch the nurse and that, if he did, it was accidental and with no intent to

-1-

assault her, suggesting in part that his high blood pressure or the medicine used to treat it may have impaired his mental state.

On appeal, defendant first argues that the prosecution failed to present sufficient evidence to convict him of assault of a prison employee. More specifically, defendant contends that there was no evidence that the alleged assault involved the use of violence, a threat of violence, or a dangerous weapon as required to support a conviction for assault of a prison employee under MCL 750.197c.

In *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020), this Court set forth the well-established principles governing a sufficiency argument, observing as follows:

> This Court reviews de novo whether there was sufficient evidence to support a conviction. In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. Circumstantial evidence and any reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. The prosecution need not negate every reasonable theory of innocence; it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. All conflicts in the evidence must be resolved in favor of the prosecution. [Quotation marks and citations omitted.]

The crime of assault of a prison employee requires proof that the defendant "(1) was lawfully imprisoned in a place of confinement, (2) used violence, threats of violence, or dangerous weapons to assault an employee of the place of confinement or other custodian, and (3) knew that the victim was an employee or custodian." *People v Kammeraad*, 307 Mich App 98, 145; 858 NW2d 490 (2014); see also MCL 750.197c(1).[1] The term "violence," as used in MCL 750.197c,

---

[1] MCL 750.197c(1) provides:

> A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place, including, but not limited to, hospitals and other health care facilities or awaiting examination, trial, arraignment, sentence, or after sentence awaiting or during transfer to or from a prison, for a crime or offense, or charged with a crime or offense who, without being discharged from the place of confinement, or other lawful imprisonment by due process of law, *through the use of violence, threats of violence or dangerous weapons*, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian or breaks the place of confinement and escapes, or breaks the place of confinement although an

has been defined as meaning "any wrongful application of physical force against another person so as to harm or embarrass him." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996).

The jury was not instructed on the definition of "violence." Indeed, the jury was not even instructed that the assault had to be committed "through the use of violence, threats of violence or dangerous weapons." MCL 750.197c(1). Instead, the trial court instructed the jury that the prosecutor had to prove that defendant committed a battery against the nurse, defining a battery as "a forceful or violent or offensive touching of the person of another." Thus, the jury may have convicted defendant absent a finding that the assault involved the use of violence, a threat of violence, or a dangerous weapon. Defense counsel, however, expressed that he had no challenges to the jury instructions when queried by the trial court.

An instructional error that omits an element of an offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). Although a jury instruction that improperly omits an element of a crime amounts to a constitutional error, the error may be waived when defense counsel approves the instructions. *Id.* at 503.[2] Defendant does not even raise any claim of instructional error in connection with his sufficiency argument, and even if he had, we would deem the issue waived in light of counsel's affirmative indication to the trial court that the jury instructions were acceptable.[3] Furthermore, the testimony of the registered nurse provided sufficient evidence demonstrating the wrongful application of physical force against her so as to

---

escape is not actually made, is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not more than $2,500.00, or both. [Emphasis added.]

[2] "Structural error is a concept that has typically been applied to errors of constitutional magnitude, not to statutory errors[.]" *People v Cornell*, 466 Mich 335, 363 n 17; 646 NW2d 127 (2002). And the failure to instruct a jury on an element of the offense for which the defendant was convicted is not a structural error subject to automatic reversal. *Id.*, citing *Neder v United States*, 527 US 1, 9; 119 S Ct 1827; 144 L Ed 2d 35 (1999).

[3] With respect to waiver, the *Kowalski* Court stated:

This Court has defined "waiver" as the intentional relinquishment or abandonment of a known right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver. [*Kowalski*, 489 Mich at 503 (quotation marks and citations omitted).]

harm or embarrass her.  See *Terry*, 217 Mich App at 662; see also MCL 750.197c.[4]  Reversal of the conviction is unwarranted.

Defendant next argues that the trial court improperly assessed 25 points for Offense Variable (OV) 19.  Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence.  *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014).  Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred.  *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012).  This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ."  *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88.  In scoring OVs, a court may consider all record evidence, including the contents of a presentence investigation report, plea admissions, and testimony presented at a preliminary examination.  *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012).  "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable."  *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).  "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted."  *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019).  When a preserved scoring error alters the appropriate guidelines range, resentencing is generally required.  *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006).

An assessment of 25 points for OV 19 is mandated when an "offender by his or her conduct threatened the security of a penal institution or court."  MCL 777.49(a).  We conclude that there is nothing in the record to indicate that defendant's conduct threatened the security of the prison.  There is no evidence that the nurse's act of calling upon another nurse to monitor defendant while she reported the incident created a threat to the security of the prison.  There is also no evidence that corrections officers were diverted to the examination room, which, had it occurred, may have given rise to a security threat.  There was very little disruption caused by the incident.  While an assault upon a prison healthcare worker could in some circumstances result in a disruption so as to create a threat to a penal institution, the facts of this case simply do not reach that level.  Furthermore, there is no evidence that would support a score of 10 or 15 points for OV 19 under MCL 777.49(b) and (c), nor does the prosecution claim that a score other than 25 points is appropriate.

Subtracting 25 points from defendant's total OV score of 25 points places defendant at OV level 1 instead of OV level III for the Class E offense of assault of a prison employee, decreasing the minimum sentence guidelines range from 14 to 58 months' imprisonment to 9 to 46 months'

---

[4] Additionally, considering that defendant agreed to instructions that did not contain the element requiring proof that the assault was committed through the use of violence, a threat of violence, or a dangerous weapon, it is arguable that defendant waived any claim on appeal that the evidence was insufficient with respect to that particular element.

imprisonment. MCL 777.16j; MCL 777.66; MCL 777.21(3)(c). Because the guidelines range is altered, resentencing is required. *Francisco*, 474 Mich at 89-92.[5]

Finally, in a Standard 4 brief, defendant presents multiple meritless arguments that are entirely unsupported by the record and the law. Contrary to defendant's assertion, the prosecution did not present a false and misleading surveillance video to the jury; it was fully consistent with the record. Additionally, the trial court did not err by denying defendant's motion to offer evidence of a noninnocent party because the noninnocent-party doctrine only applies in dramshop actions. See *Poch v Anderson*, 229 Mich App 40, 46; 580 NW2d 456 (1998). The trial court also did not commit error by failing to give instructions on implied consent and proximate cause because the record and the law did not support such instructions. See *People v Kurr*, 253 Mich App 317, 328; 654 NW2d 651 (2002) ("jury instructions must not exclude consideration of material issues, defenses, and theories for which there is supporting evidence"). Finally, defendant alleges numerous instances of ineffective assistance of counsel, none of which merits reversal because the factual predicate for the claims is grossly lacking, there was no deficient performance, and there is no sound legal basis for defendant's contentions. See *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001) (reciting core principles regarding claims of ineffective assistance of counsel).

We affirm defendant's conviction, vacate his sentence, and remand for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

[5] Defendant also argues that his sentence was disproportionate to the circumstances surrounding the offense and the offender. Because we are remanding the case for resentencing, we note it is unnecessary to address the issue.