*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
September 21, 2023

v

BRUCE MAURICE KINSEY,

Defendant-Appellant.

No. 361281
Alpena Circuit Court
LC No. 2021-001015-FH

Before: GLEICHER, C.J., and JANSEN and RICK, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of third-degree home invasion, MCL 750.110a(4), and assault or assault and battery, MCL 750.81. Defendant was sentenced to 24 months' probation, with the first 12 months in jail. Defendant argues on appeal that his due-process rights were violated because his convictions were not supported by sufficient evidence because the evidence did not prove his intent to commit an assault and battery. We affirm.

## I. STATEMENT OF FACTS

Bonnie McPherson lives in a mobile home in Lachine, Michigan, that she rents from her son, Matthew Cohoon (Matt). McPherson's daughter, Amanda Cohoon, and defendant, her boyfriend, along with Cohoon's two children, began living with McPherson in July 2019. McPherson and defendant did not get along. As of July 16, 2020, defendant was no longer permitted on the property. Cohoon lived there until October 31, 2020, but defendant did not visit. After Cohoon moved out, all that was left in McPherson's home was Cohoon's dresser, washer, and dryer.

On November 19, 2020, Cohoon and defendant came to retrieve the belongings she left at McPherson's house. McPherson was unaware that Cohoon and defendant were coming to the property that day, testifying that she had not received, "no phone, no text, nothing." Cohoon, however, testified that she had sent McPherson a message a couple days before letting McPherson know she had to get her washer and dryer, and that McPherson did not reply until the day after the incident. McPherson testified that Cohoon could obtain her washer and dryer whenever she wanted since they were hers and that she could bring "anyone in the world but [defendant]" to

-1-

help. Cohoon testified that no one specifically told her that defendant was not permitted on the property anymore.

That day, McPherson saw Cohoon's car from the hallway in her home, and went to the door. McPherson unlocked her screen door and opened it about two inches to tell defendant he "can't come in." McPherson tried to close and lock the door, but defendant grabbed the door and pulled it out of McPherson's hand. McPherson said her hand was "red, sore, burning." Defendant pushed past McPherson, touching "shoulder to shoulder," according to her, and began unhooking the washer and dryer. McPherson called 911 and told the dispatcher that she felt "threatened" by defendant because he was not allowed at her house and he had "shoved" her out of the way.[1]

Cohoon testified that she was by the backdoor when defendant and McPherson were at the front. However, she also testified that McPherson had her hands on defendant and she did not see defendant's hands on McPherson. When asked if "there were another witness that's coming forth in this trial and said that the only observation they made was you grabbing [defendant]," McPherson answered, "They'd be lying." Cohoon testified that McPherson was "not always truthful."

Deputy Christopher Alan LaPlaunt arrived at McPherson's home, and defendant complied when he was asked to exit. Deputy LaPlaunt testified that McPherson had told him that defendant grabbed her upper body and pushed her out of the way to get into the house. Deputy LaPlaunt noted no visible injuries to McPherson's hand.

Defendant was charged with third-degree home invasion and assault or assault and battery. The jury found him guilty of both charges. Defendant now appeals.

## II. STANDARD OF REVIEW

Sufficiency of the evidence issues are reviewed de novo by this Court. *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015). This Court is required to draw all reasonable inferences and make credibility determinations in favor of the jury verdict. *Id*. The scope of review will be the same whether the evidence presented is direct or circumstantial. *People v Smith*, 336 Mich App 297, 303; 970 NW2d 450 (2021). However, the evidence must be viewed in the light that is most favorable to the prosecution to determine whether a "rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith-Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013). We will not interfere with the fact-finder's role, in this case, the jury, in deciding the credibility of witnesses and what weight to give each witness's testimony. *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

## III. SUFFICIENCY OF THE EVIDENCE

Defendant argues that insufficient evidence was presented at trial for the jury to find beyond a reasonable doubt that he had the specific intent to batter McPherson. Defendant argues

---

[1] McPherson's call to 911 was played at trial and transcribed in the trial transcript.

that the evidence was insufficient because McPherson gave conflicting testimony and, therefore, his guilt cannot be proven beyond a reasonable doubt. We disagree.

In all criminal cases, a defendant is protected by the United States Constitution and Michigan Constitution. No state shall "deprive any person of life, liberty, or property, without due process of law." US Const, Am XIV, § 1. Similarly, "[n]o person shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law." Const 1963, art 1, § 17. An accused is protected by the Due Process Clause against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 US 358, 364; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Defendant argues that his due-process rights were violated because sufficient evidence was not presented to prove every element of the crimes charged beyond a reasonable doubt. Defendant specifically argues that he did not have the intent to batter McPherson and therefore cannot be found guilty of third-degree home invasion involving assault and battery.

A person is guilty of third-degree home invasion if the person "breaks and enters a dwelling with intent to commit a misdemeanor in the dwelling, enters a dwelling without permission with intent to commit a misdemeanor in the dwelling, or breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a misdemeanor." MCL 750.110a(4)(a). Defendant's corresponding misdemeanor in this case is assault and battery. Battery is an "intentional, unconsented and harmful or offensive touching of the person of another, or something closely connected with the person." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004). An "assault is either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Terry*, 217 Mich App 660, 662; 533 NW2d 23 (1996). Therefore, a battery is a consummated assault. *Id.*

There is sufficient evidence in the lower court record that defendant had the intent to commit an assault and battery against McPherson. First, McPherson testified that she "had the door handle in [her] hand to pull it shut" when defendant "grabbed it from the outside and pulled the door open and basically ripped the handle out of my hands" as he entered her home. Defendant's intentional and unconsented door handle grab suffices to prove a battery, which can be accomplished by an intentional, unconsented or offensive touching of something closely connected with a person. See *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). Indeed, M Crim JI 17.2, which the jury was provided, defines a battery as: "A battery is a forceful, violent, or offensive touching of the person or something closely connected with the person of another." The evidence amply supports that defendant committed a battery by forcefully and intentionally grabbing the door handle and "rip[ing] it" from McPherson's hand. Third-degree home invasion does not require proof of an intent to commit a felony or a misdemeanor *before* an unconsented entry into a home. Rather, a person is guilty of third-degree home invasion if the person "breaks and enters a dwelling or enters a dwelling without permission and, *at any time while he or she is entering*, present in, or exiting the dwelling, commits a misdemeanor." MCL 750.110a(4).

Second, Deputy LaPlaunt testified that McPherson said that defendant put his hands on McPherson's upper body and pushed her out of the way. During her 911 call, McPherson told the operator that defendant shoved her. Defendant argues that the evidence is not sufficient to prove beyond a reasonable doubt that he intended to assault and batter McPherson because she testified

at trial that defendant merely brushed her "shoulder to shoulder." However, it is up to the jury to decide the weight and credibility to give to each witness's testimony; in this case, they found Deputy LaPlaunt and the 911 call more credible. *Unger,* 278 Mich App at 228-229. As the prosecution points out, the trial took place over a year after the incident.

In support of defendant's argument that he did not have the specific intent needed for assault and battery, defendant emphasizes how no words or threats were spoken to McPherson. However, the intent to do any injury is usually found in the defendant's acts even in the absence of a declaration of intent. *People v Doud*, 223 Mich 120, 123; 193 NW 884 (1923). Minimal circumstantial evidence is sufficient to establish intent because of the difficulty of proving an actor's state of mind. *Unger*, 278 Mich App at 223. As McPherson testified, she was afraid of defendant "just because it was him," and said in the 911 call that she felt threatened. In circumstances where proof of intent is circumstantial, motive is particularly relevant in establishing intent. *People v Fisher*, 449 Mich 441, 453; 537 NW2d 577 (1995). The prosecution argues that defendant had the motive to assault and batter McPherson. Defendant did not get along with McPherson and he was no longer welcome in her home. Cohoon further testified that other family members also did not get along with defendant. We therefore agree with the prosecution that defendant had the specific intent to assault and batter McPherson by putting his hands on her upper body and shoving her out of the way. It is unlikely that this action could be seen as accidental. Even if it did not injure McPherson, a reasonable person could find that McPherson reasonably feared an immediate battery.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Michelle M. Rick