*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JESSE ALLEN DAVIS,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2025
9:34 AM

No. 365572
Kalkaska Circuit Court
LC No. 2021-004561-FH

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions for assaulting a prison employee, MCL 750.197c, and resisting or obstructing a police officer, MCL 750.81d(1). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 58 to 180 months' imprisonment for assaulting a prison employee and 46 to 180 months' for resisting or obstructing a police officer. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

This case arises from defendant's assault of Kalkaska County Corrections Deputy Trent Yanz at the Kalkaska County Jail, where defendant was incarcerated pending trial on unrelated charges. At trial, Deputy Yanz testified that he was in the process of locking down defendant's cellblock for maintenance when defendant began yelling and calling him names. After completing the lockdown, Deputy Yanz noticed that defendant had placed a blanket over his cell door in violation of jail policy. When Deputy Yanz approached defendant's cell and asked what he was doing, defendant responded with vulgar remarks and threatened to "kick [Deputy Yanz's] ass." Deputy Yanz removed the blanket and placed it in the cellblock hallway. According to Deputy Yanz, when he returned to defendant's cell, defendant reached through the bars of the cell door and struck him in the face, causing a contusion on his lip. Deputy Yanz testified that, because some of the cell doors had a defect that allowed them to be opened if rattled vigorously, and because he was unsure whether defendant's cell door was defective, he deployed pepper spray into defendant's cell for one or two seconds to ensure the security of the cellblock.

Approximately 10 minutes later, Deputy Yanz returned with two other deputies to move defendant to an observation cell. The deputies opened the cell door and ordered defendant to submit to handcuffing, but he refused. Deputy Yanz again deployed pepper spray, striking defendant in the face and torso, but defendant continued to resist. After struggling for several minutes, the deputies handcuffed defendant and moved him to an observation cell. Former Kalkaska County Corrections Deputies Nathan Graham and Jordan Ingersoll also testified that defendant physically resisted their attempts to restrain him and refused to comply with their verbal commands. Surveillance footage of the altercation was admitted and played for the jury.

Defendant testified that he learned that a friend had passed away on the morning of the incident and wanted to be left alone. He claimed that as he was sitting in his cell, the door was slammed shut, and when he asked why, Deputy Yanz explained that it was for maintenance. Defendant testified that he placed the blanket on his cell door for privacy. He denied striking Deputy Yanz, asserting that it was Deputy Yanz who reached through the cell door and struck him in the face. Defendant also claimed that after the deputies pepper-sprayed him, they proceeded to punch, kick, and beat him, and he could not recall hearing any commands during the altercation.

The jury convicted defendant as charged, and he was sentenced as described above. Defendant now appeals.

## II. DISCUSSION

### A. SUFFICIENCY OF THE EVIDENCE

Defendant first submits that the prosecution presented insufficient evidence to support his convictions. We disagree.

We review de novo challenges to the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt. *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). "[T]he standard of review is deferential: a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (citation omitted). The prosecution is not required to disprove every reasonable theory of innocence; it "need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *Kenny*, 332 Mich App at 403.

### 1. ASSAULTING A PRISON EMPLOYEE

Due process requires the prosecution to prove every element of an offense beyond a reasonable doubt. *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021). The elements of assaulting a prison employee are that the defendant (1) was lawfully imprisoned in a place of confinement, (2) used violence to assault an employee of the place of confinement, and (3) knew the victim was a prison or jail employee. *People v Kammeraad*, 307 Mich App 98, 145; 858 NW2d 490 (2014). "An assault may be established by showing either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). A battery is "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely

connected with the person." *Id.* (quotation marks and citation omitted). Because assault is a specific intent crime, the prosecution was also required to prove that defendant intended to assault Deputy Yanz. *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). A defendant's intent may be inferred "from his words or from the act, means, or the manner employed to commit the offense." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001). On appeal, defendant does not dispute that he was lawfully imprisoned, assaulted Deputy Yanz, or knew Deputy Yanz was an employee of the jail facility. At issue is only whether the prosecution presented sufficient evidence of defendant's intent to assault Deputy Yanz.

Here, there was sufficient evidence that defendant intentionally assaulted Deputy Yanz. The deputy's testimony established that defendant threatened to "kick [his] ass" and struck him in the face through the cell door, causing injuries and removing the deputy's mask. Surveillance footage corroborates the jury's finding that defendant intended to assault Deputy Yanz. The footage depicts Deputy Yanz approaching defendant's cell door wearing a black face mask. Defendant can be seen reaching through the cell door bars toward Deputy Yanz's face; when Deputy Yanz turns to retreat from the cell, his face mask is missing. From defendant's threat to "kick [Deputy Yanz's] ass" and his conduct in reaching through the cell doors, striking Deputy Yanz in the face, and removing the deputy's face mask, the jury had sufficient evidence to infer that defendant intended to commit a battery against Deputy Yanz. Defendant's argument that he was incapable of forming the requisite intent because he was disoriented by the pepper spray is meritless, as the assault occurred before the pepper spray was deployed. The evidence was sufficient to establish that defendant intentionally assaulted Deputy Yanz.

## 2. RESISTING OR OBSTRUCTING A POLICE OFFICER

To convict a defendant of resisting or obstructing a police officer, the prosecution must prove that "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation marks and citation omitted). The prosecution must also prove that the officer's actions were lawful. *Id.* Unlike assaulting a prison employee, resisting or obstructing a police officer is a general intent offense. *People v Vanwasshenova*, 121 Mich App 672, 680; 329 NW2d 452 (1982). To establish a defendant's intent for a general intent crime, "the prohibited result need only be reasonably expected to follow from the offender's voluntary act . . . ." *People v Zitka*, 335 Mich App 324, 340; 966 NW2d 786 (2020) (quotation marks and citation omitted). On appeal, defendant asserts that there was insufficient evidence to sustain his conviction for resisting or obstructing a police officer because his disorientation from the pepper spray rendered him incapable of forming the general intent to resist the officers' attempts to restrain him and prevented him from hearing the officers' commands.

The evidence was sufficient to establish the requisite general intent to sustain defendant's conviction for resisting or obstructing a police officer. Deputies Yanz, Graham, and Ingersoll testified that after defendant assaulted Deputy Yanz, the deputies approached defendant's cell door and Deputy Yanz instructed defendant to place his hands into the food slot in his cell door so that he could be handcuffed, which defendant refused. The deputies opened the cell door and instructed defendant to turn away from them, kneel, and put his hands behind his back, but defendant again

refused.  Defendant was then pepper-sprayed again but continued to refuse commands.  The deputies further testified that defendant held his arms stiff and moved back and forth during the ensuing struggle, resisting their attempts to handcuff him.  The surveillance footage presented at trial was consistent with the deputies' account.  From this evidence, the jury could conclude that defendant intentionally resisted the deputies' commands.

Although defendant testified that he did not hear the deputies' commands because he was disoriented from the pepper spray, the jury was entitled to believe the deputies' testimony that the commands were loud and that pepper spray does not impair hearing.  The jury's verdict indicates it found the deputies' testimony credible, and we will not interfere with that assessment.  *People v Solloway*, 316 Mich App 174, 181-182; 891 NW2d 225 (2016).

## B.  PROPORTIONALITY OF SENTENCE

Defendant next asserts that his within-guidelines sentences are disproportionate and unreasonable.  We disagree.

We review sentencing decisions for an abuse of discretion.  *People v Posey*, 512 Mich 317, 325; 1 NW3d 101 (2023) (opinion by BOLDEN, J.).  "A trial court abuses its discretion if the imposed sentence is not proportionate to the seriousness of the circumstances surrounding the offense and the offender."  *People v Ventour*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363922); slip op at 7.

The guidelines minimum range for defendant's conviction for assaulting a prison employee was 14 to 58 months, while the range for defendant's conviction for resisting or obstructing a police officer was 7 to 46 months.  The sentences imposed—58 to 180 months for assaulting a prison employee and 46 to 180 months for resisting or obstructing a police officer—were within the guidelines minimum range.  "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate."  *Posey*, 512 Mich at 360.  To overcome the presumptive proportionality of a within-guidelines sentence, the defendant must present "unusual circumstances that would render the presumptively proportionate sentence disproportionate."  *Ventour*, ___ Mich App at ___; slip op at 8 (quotation marks and citation omitted).

On appeal, defendant does not identify any unusual circumstances that render his presumptively proportionate sentences disproportionate.  Defendant claims that his within-guidelines sentences are disproportionate because the trial court failed to consider purportedly mitigating factors, such as his mental health issues and his assertions that he was beaten and abused by jail staff.  However, "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing."  *People v Bailey*, 330 Mich App 41, 63; 944 NW2d 370 (2019).  Defendant also claims that his sentences are disproportionate because they do little to support his rehabilitation, protect society, or deter others.  It is true that "[a]n appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense."  *People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 345491); slip op at 2 (quotation marks and citation omitted).  But the trial court did, in fact, consider defendant's potential for rehabilitation, concluding that there was little hope for rehabilitation because of

defendant's failure to accept responsibility for his conduct. The trial court also considered the protection of society and the deterrence of others and found that the sentences imposed achieved those goals. Defendant's disagreement with the trial court's sentencing determination is insufficient to overcome the presumption of proportionality.

## III. CONCLUSION

The prosecution presented sufficient evidence to support defendant's convictions, and defendant has failed to rebut the presumption that his within-guidelines sentences are proportionate.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman