*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

CHARLES EUGENE WALKER,

      Defendant-Appellant.

UNPUBLISHED
May 27, 2021

No. 352325
Berrien Circuit Court
LC No. 2019-002291-FH

Before: BOONSTRA, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant, Charles Eugene Walker, of assault of a prison employee, MCL 750.197c. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to serve 30 to 100 months in prison. Defendant appeals as of right. We affirm defendant's conviction and the trial court's scoring of offense variable (OV) 19, but reverse the trial court's scoring of OV 12 and remand for further proceedings consistent with this opinion.

## I. FACTS

Defendant's conviction arises from an incident at the Berrien County Jail on June 17, 2019. Deputy Rick Ertman and Deputy Andrea Leneway, employees of the jail, testified that they were moving defendant to a new cell in order for him to serve a three-day lockdown. Deputy Ertman testified that as they reached the new cell, defendant told Deputy Ertman without explanation that he did not want to go into the cell. According to Deputy Ertman, defendant then picked up his gray box containing his personal belongings and attempted to walk away. Deputy Ertman and Deputy Leneway both testified that Deputy Ertman grabbed defendant's arm, and as defendant jerked away, Deputy Ertman pulled back, which led to both men falling on a dorm picnic table and then onto the floor.

At this point, according to Deputy Ertman, defendant reached out and grabbed his leg. Deputy Ertman testified that his leg was wrapped up in defendant's arm at the thigh. Deputy Leneway testified that she secured defendant by getting on his lower back and legs, but was unsuccessful at releasing defendant's arm from Deputy Ertman's leg due to defendant's resistance. In addition, Deputy Leneway and Sergeant Justin Robert O'Brien testified that defendant refused

to release Deputy Ertman's leg, ignored repeated commands from officers, and only relented after being struck in the face with a straight punch. Deputy Ertman, Deputy Leneway, and Sergeant O'Brien each testified that after being struck in the face, defendant's hands became loose and, ultimately, the officers were able to handcuff him. A surveillance camera at the jail recorded the incident and was played for the jury during defendant's trial.

Travis Diemer, an inmate at the jail on the day of the incident, also testified. Diemer stated that he witnessed the incident between defendant and the officers. According to Diemer, defendant was pushed to the ground by Deputy Ertman and Deputy Leneway, and told to stop resisting. Diemer testified that defendant was not resisting or moving after landing on the ground, and that he did not observe him reach and grab one of the deputies' legs. Diemer indicated that he witnessed in person that defendant was repeatedly punched in the head, kneed, and kicked. However, after surveillance video of the incident was played for him, Diemer did not dispute that Deputy Ertman and defendant hit the picnic table before falling on the ground. Further, Diemer could not identify in the surveillance video when defendant was punched more than once, kneed, or kicked.

A jury convicted defendant of assault of a prison employee. Defendant now appeals to this Court.

II. ANALYSIS

A. SUFFICIENCY OF THE EVIDENCE

First, defendant contends that the evidence was insufficient to support a conviction. We disagree.

"In challenges to the sufficiency of the evidence, this Court reviews the record evidence de novo in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009). This "standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Our Court "will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). In addition, "[c]ircumstantial evidence and reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime." *Id*.

Under Michigan law, an assault of a jail employee occurs when an individual "lawfully imprisoned in a jail . . . through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian . . . ." MCL 750.197c(1); see also *People v Odom*, 276 Mich App 407, 418-419; 740 NW2d 557 (2007). A "place of confinement" includes a correctional facility operated by a local government unit. MCL 750.197c(2)(a).

An assault is "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Terry*, 217 Mich App 660, 662; 553 NW2d 23 (1996). "A battery is an intentional, unconsented and harmful or offensive

touching of the person of another, or of something closely connected with the person." *People v Reeves*, 458 Mich 236, 240 n 4; 580 NW2d 433 (1998). For assault and battery, the defendant must have intended the action, which may be proven by circumstantial evidence. *Terry*, 217 Mich App at 662-663. Whether or not a physical injury occurred is irrelevant. *Id*. at 663.

In this case, the prosecution and defendant stipulated that at the time of the June 17, 2019 incident, defendant was legally confined in the Berrien County Jail. In addition, based on the evidence presented to the jury, it would be illogical to conclude that defendant was unaware that Deputy Ertman was an employee of the jail. The question then becomes whether sufficient evidence was presented for the jury to conclude that defendant assaulted Deputy Ertman.

Testimony from Deputy Ertman, Deputy Leneway, and Sergeant O'Brien detailed for the jury how defendant held onto Deputy Ertman's leg and resisted commands to let go. The surveillance video played at trial confirmed their account of the incident and called into question the testimony of Diemer. Further, defendant's argument that he did not possess the requisite intent to assault Deputy Ertman lacks merit. Deputy Ertman's testimony provided that defendant reached out for his leg after both men fell to the ground, and would not let go when instructed to do so by himself, Deputy Leneway, and Sergeant O'Brien. This testimony, in addition to the surveillance video of the incident, was evaluated by the jury along with Diemer's testimony. Based on this evaluation, the jury determined that the testimony of the officers was more credible. See *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998) (stating that absent exceptional circumstances issues of witness credibility are for the trier of fact). Our Court will not interfere with such a determination. See *Kanaan*, 278 Mich App at 619.

Accordingly, there was sufficient evidence that defendant assaulted Deputy Ertman while incarcerated at the Berrien County Jail on June 17, 2019.

### B. OV 12

Next, defendant argues that he is entitled to resentencing because the trial court erred by assessing 25 points for OV 12. We agree.

"Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *Id*. (Quotation marks and citation omitted). " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

OV 12 addresses contemporaneous felonious criminal acts. MCL 777.42. A felonious criminal act is contemporaneous if it "occurred within 24 hours of the sentencing offense," and "has not and will not result in a separate conviction." MCL 777.42(2). A trial court assesses 25 points when the defendant committed "[t]hree or more contemporaneous felonious criminal acts

involving crimes against a person." MCL 777.42(1)(a). When a defendant commits "[t]wo contemporaneous felonious criminal acts involving crimes against a person," 10 points is assessed. MCL 777.42(1)(b). Five points is assessed when the defendant committed "[o]ne contemporaneous felonious criminal act involving a crime against a person." MCL 777.42(1)(d). To properly assign points for OV 12, the trial court "must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

Here, the prosecution and defendant, as well as this Court, agree that the trial court erred when it assessed 25 points for OV 12 based on defendant's acts of resisting "several" officers' attempts to subdue him while he held onto Deputy Ertman's leg. At defendant's sentencing, the trial court initially assigned 10 points, finding that "two contemporaneous resisting and obstructing charges" applied to defendant's acts in response to commands by Deputy Leneway and Sergeant O'Brien. However, later on during sentencing, after reviewing the surveillance video of the incident, the trial court stated:

> I have had an opportunity during the recess to review the videotape, and it does appear to me there were several other officers involved in trying to subdue Mr. Walker, which would make it OV 12 scored at 25 points instead of ten, and I'm scoring it at that.

Defendant's continued resistance of at least three officers' commands and attempts to "subdue" him occurred during his assault of Deputy Ertman. Thus, defendant's resistance is an act, or behavior, that is not separate or distinct from his sentencing offense of assault of a jail employee. See *Light*, 290 Mich App at 725-726. Moreover, the jury heard evidence of defendant's resistance to Deputy Ertman, Deputy Leneway, and Sergeant O'Brien, and presumably used this testimonial evidence in establishing its conclusion that defendant assaulted Deputy Ertman. Because of this, defendant's resistance at the time of his assault of Deputy Ertman cannot be used as a basis to assign points under OV 12.

Nonetheless, defendant's previous acts in resisting Deputy Ertman's command to enter the new cell for his three-day lockdown, including walking and pulling away from Deputy Ertman, are two instances for which defendant could have been charged. See *People v Feeley*, 499 Mich 429, 435-436; 885 NW2d 223 (2016). Under MCL 750.81d(1), "an individual who . . . resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his . . . duties is guilty of a felony . . . ." Defendant's acts of walking away from his new cell and pulling away from Deputy Ertman were consecutive actions that each alone would constitute his opposition to a lawful command from a jail officer performing his duties. These two acts by defendant against Deputy Ertman did not result in separate convictions and were committed immediately before his assault of Deputy Ertman. Therefore, the trial court should have assigned 10 points for OV 12. See MCL 777.42(b).

Proper assessment of 10 points for defendant's OV 12 score reduces his total OV score to 45 points. Under the guidelines grid for a Class E offense, the proper scoring of OV 12 for defendant renders the recommended minimum sentence range of 19 to 76 months' imprisonment. Thus, defendant is entitled to resentencing.

## C.  OV 19

Lastly, defendant argues that the trial court improperly assigned 25 points for OV 19.  We disagree.

Under OV 19, the trial court assesses 25 points when the defendant "by his or her conduct threatened the security of a penal institution or court."  MCL 777.49(a).  In this case, a preponderance of the evidence supports the trial court's finding that defendant's conduct threatened the security of the Berrien County Jail.  While defendant held onto Deputy Ertman's leg, he refused multiple commands to let go, and Deputy Leneway could not free Deputy Ertman's leg from defendant's grasp.  Other jail employees, including Sergeant O'Brien, were then called to assist, and other inmates were instructed to return to their cells, presumably as an attempt to maintain safety and jail security.  This evidence served as a sufficient basis for the trial court to make a reasonable inference that defendant's assault of Deputy Ertman threatened jail security.

Additionally, despite defendant's argument suggesting the absence of intent, the plain language of MCL 777.49(a) does not require that a defendant have the intent to threaten the security of a penal institution.  When defendant held onto Deputy Ertman's leg and refused to let go, he turned the attention of Berrien County jail officers toward responding to that incident rather than their regular duties in maintaining safety and security.  Whether defendant actually intended to disrupt jail security is irrelevant.  For these reasons, the trial court did not clearly err by assessing 25 points for OV 19.

## III.  CONCLUSION

We affirm defendant's conviction, reverse the trial court's scoring of 25 points for OV 12, affirm the trial court's scoring of OV 19, and remand for resentencing.  We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola